1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVE KIM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANCORP and U.S. BANK NATIONAL ASSOCIATION,<br><br>Defendants. | NO.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

8
9
10
11
12
13
14
15

16    Plaintiff Steve Kim, individually and on behalf of all others similarly situated, by his

17 attorneys, Terrell Marshall Law Group PLLC, Shavitz Law Group, P.A., and Outten & Golden

18 LLP, upon personal knowledge as to himself and upon information and belief as to other

19 matters, alleges as follows:

20                                    **INTRODUCTION**

21    1.    This lawsuit seeks to recover overtime premium compensation and other

22 wages owed to Plaintiff and similarly situated individuals who worked for Defendants as non-

23 exempt Branch Assistant Managers (also known as Customer Service Managers and/or Sales

24 and Service Managers) (collectively referred to as "BAMs") for U.S. Bancorp and/or U.S. Bank

25 National Association (collectively "Defendants" or "U.S. Bank"), in the United States, pursuant

26 to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Washington Minimum

27

CLASS AND COLLECTIVE ACTION COMPLAINT - 1

1   Wage Act, RCW 49.46 *et seq.* (the "MWA"); and other Washington laws.

2         2.      BAMs serve U.S. Bank customers at its retail locations, primarily performing

3   customer service, sales, and general operations duties.

4         3.      In November 2016, U.S. Bank reclassified BAMs from exempt to non-exempt

5   employees under federal and state wage and hour laws.

6         4.      Upon reclassifying BAMs, U.S. Bank did not materially change their

7   responsibilities or duties.

8         5.      Before the reclassification, BAMs worked significant amounts of overtime.

9         6.      After the reclassification, BAMs continued to work overtime on a regular basis

10   as non-exempt employees.

11         7.      US. Bank, however, did not pay BAMs for many of the overtime hours they

12   worked as non-exempt employees.

13         8.      U.S. Bank also failed to pay for all hours worked by BAMs in the State of

14   Washington, including hours worked before the scheduled start time of shifts, after the

15   scheduled end time of shifts, during time recorded as unpaid meal breaks, and during days

16   off.

17         9.      By the conduct described in this Class and Collective Action Complaint

18   ("Complaint"), U.S. Bank willfully violated the FLSA by failing to pay its employees, including

19   Plaintiff, proper overtime wages as required by law.

20         10.     By the conduct described in this Complaint, U.S. Bank also willfully violated the

21   MWA by failing to pay its employees, including Plaintiff, for all hours worked at applicable

22   minimum and overtime wage rates.

23         11.     Plaintiff seeks to recover the unpaid wages that U.S. Bank owes him and

24   similarly situated current and former BAMs.  Plaintiff brings this action under the FLSA, on

25   behalf of himself and all similarly situated current and former BAMs nationwide who elect to

26   opt into this action pursuant to the collective action provision of FLSA, 29 U.S.C. § 216(b).

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

12.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff also brings this action on behalf of himself and a class of similarly situated current and former BAMs who worked in the State of Washington to recover wages owed under Washington law.

**JURISDICTION AND VENUE**

13.     This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337.

14.     In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15.     This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they are so closely related to the claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

16.     Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391.  Defendants are subject to personal jurisdiction in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

**THE PARTIES**

*Plaintiff Steve Kim*

17.     Plaintiff is a resident of Maple Valley, Washington.

18.     Plaintiff was a BAM employed by U.S. Bank from approximately November 2016 to June 2017.

19.     During his employment with U.S. Bank, Plaintiff worked as a BAM in Auburn, Washington.

20.     For most of his tenure as a BAM with U.S. Bank, Plaintiff was classified as a non-exempt employee.

21.     As a non-exempt BAM with U.S. Bank, Plaintiff regularly worked more than 40 hours per week, and some of that work was performed off the clock for U.S. Bank's benefit.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

22.     For example, Plaintiff worked off the clock for U.S. Bank's benefit before the scheduled start time of shifts, after the scheduled end time of shifts, during time recorded as unpaid meal breaks, and during days off.

23.     Pursuant to its policy and practice, U.S. Bank failed to pay straight-time or overtime wages to Plaintiff for the off-the-clock work he performed in multiple workweeks, including workweeks in which Plaintiff's work exceeded 40 total hours (inclusive of both recorded and off-the-clock work).

24.     Pursuant to 29 U.S.C. § 216(b), Plaintiff consents to sue as plaintiff under the Fair Labor Standards Act.  Plaintiff's consent to join form is attached to this Class and Collective Action Complaint as Exhibit A.

***U.S. Bancorp***

25.     U.S. Bancorp is a bank holding company.

26.     Throughout the relevant period, U.S. Bancorp employed Plaintiff and similarly situated employees within the meaning of the FLSA and MWA.

27.     U.S. Bancorp has had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

28.     U.S. Bancorp is a covered employer within the meaning of the FLSA and relevant state labor laws, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

29.     At all times relevant, U.S. Bancorp maintained control, oversight and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

30.     U.S. Bancorp applies the same employment policies, practices, and procedures to all BAMs.

31.     At all times relevant, U.S. Bancorp's annual gross volume of sales made or business done was not less than $500,000.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*U.S. Bank National Association*

32.     U.S. Bank National Association is the principal banking subsidiary of U.S. Bancorp and a nationally chartered banking association.

33.     Throughout the relevant period, U.S. Bank National Association employed Plaintiff and similarly situated employees within the meaning of the FLSA.

34.     U.S. Bank National Association has had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

35.     U.S. Bank National Association is a covered employer within the meaning of the FLSA and relevant state labor laws, and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

36.     At all times relevant, U.S. Bank National Association maintained control, oversight and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

37.     U.S. Bank National Association applies the same employment policies, practices, and procedures to all BAMs.

38.     At all times relevant, U.S. Bank National Association's annual gross volume of sales made or business done was not less than $500,000.

39.     During all relevant times, each Defendant employed Plaintiff and other similarly situated current and former BAMs and controlled and directed the terms of employment and compensation of Plaintiff and other similarly situated current and former BAMs. Upon information and belief, Defendants operate as a common enterprise such that the actions of one may be imputed to the other and/or they operate as joint employers within the meaning of the FLSA and state law.

40.     Each Defendant had the power to control the terms and conditions of employment of Plaintiff and other similarly situated current and former BAMs, including without limitation those terms and conditions relating to the claims alleged herein.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    41.    During all relevant times, Defendants were Plaintiff's employer or joint

2    employer within the meaning of all applicable statutes.

3                    **COLLECTIVE ACTION ALLEGATIONS**

4    42.    Under the FLSA, 29 U.S.C. § 216(b), Plaintiff brings the First Cause of Action on

5    behalf of himself and all similarly situated current and former U.S. Bank employees

6    nationwide who worked as BAMs any time between December 11, 2016[1] and the date of final

7    judgment in this matter and who elect to join this action (the "FLSA Collective").

8    43.    Plaintiff and the FLSA Collective are similarly situated in that they have

9    substantially similar job duties and are subject to U.S. Bank's common compensation policies,

10   patterns, and/or practices, including U.S. Bank's failure to pay for off-the-clock work

11   performed by BAMs for its benefit, as more fully described herein.

12   44.    U.S. Bank is liable under the FLSA for, *inter alia*, failing to properly compensate

13   Plaintiff in numerous workweeks in which Plaintiff worked off the clock for U.S. Bank's benefit

14   and his total hours for the week exceeded 40.  There are many similarly situated current and

15   former BAMs who have been underpaid in violation of the FLSA who would benefit from the

16   issuance of a court-supervised notice of the present lawsuit and the opportunity to join the

17   present lawsuit.  Those similarly situated employees are known to U.S. Bank, are readily

18   identifiable, and can be located through U.S. Bank's records.  Notice should be sent to the

19   FLSA Collective pursuant to 29 U.S.C. § 216(b).

20   45.    Defendants are jointly and severally liable under the FLSA for*, inter alia*, failing

21   to pay proper overtime wages to Plaintiff and the members of the FLSA Collective.

22   46.    U.S. Bank has required, suffered, or permitted all the work that Plaintiff and the

23   FLSA Collective have performed, and/or U.S. Bank has known or should have known of all the

24   work that Plaintiff and the FLSA Collective have performed.

25

26   [1] Plaintiff and Defendants had entered into an agreement to toll the statute of limitations for a combined total
     of four weeks before the filing of this Complaint.

27

CLASS AND COLLECTIVE ACTION COMPLAINT - 6

47.     As part of its regular business practice, U.S. Bank has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

    a.     willfully failing to pay Plaintiff and the members of the FLSA Collective overtime for all hours that they worked in excess of 40 hours per workweek; and

    b.     willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of U.S. Bank.

48.     U.S. Bank is aware or should have been aware that federal law required it to pay employees, including Plaintiff and members of the FLSA Collective, an overtime premium for all hours worked in excess of 40 per workweek.

**WASHINGTON CLASS ACTION ALLEGATIONS**

49.     Under Rule 23 of the Federal Rules of Civil Procedure and Washington law, Plaintiff brings claims on behalf of himself and a class of current and former U.S. Bank employees who worked as BAMs in the State of Washington any time between December 11, 2016, and the date of judgment in this matter (the "Washington Class").

50.     Excluded from the Washington Class are U.S. Bank's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; any judge to whom this case is assigned and any member of that judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Washington Class.

51.     Each of the Defendants employed Plaintiff and the members of the Washington Class as an employer or a joint employer, all as further alleged herein.

52.      The persons in the Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   Plaintiff, the facts on which the calculation of that number can be based are presently within

2   the sole control of U.S. Bank.

3       53.     Upon information and belief, the size of the Washington Class is at least 40

4   workers.

5       54.     There are questions of law and fact common to the Washington Class that

6   predominate over any questions solely affecting individual members of the Washington Class,

7   including but not limited to:

8           a.     whether Defendants failed and/or refused to pay Plaintiff and the

9                  Washington Class for all hours worked, including overtime pay for all

10                 hours worked in excess of 40 hours per workweek, in violation of the

11                 MWA;

12          b.     whether Defendants failed to keep true and accurate time records for

13                 all hours worked by Plaintiff and the Washington Class, in violation of

14                 Washington law;

15          c.     what proof of hours worked is sufficient where an employer fails in its

16                 duty to maintain true and accurate time records;

17          d.     the nature and extent of Washington Class-wide injury and the

18                 appropriate measure of damages for the Washington Class; and

19          e.     whether Defendants' policy and practice of failing to compensate the

20                 members of the Washington Class for all hours worked was willful.

21      55.     Plaintiff's claims are typical of the claims of Washington Class he seeks to

22  represent.  Plaintiff and the Washington Class work or have worked for U.S. Bank as BAMs and

23  have been subjected to its policy and pattern or practice of failing to pay for all hours worked,

24  including overtime for hours worked in excess of 40 per week.

25      56.     Plaintiff will fairly and adequately represent and protect the interests of the

26  Washington Class.  Plaintiff understands that as a class representative, he assumes a fiduciary

27

CLASS AND COLLECTIVE ACTION COMPLAINT - 8

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  responsibility to the Washington Class to represent its interests fairly and adequately.  Plaintiff

2  recognizes that as a class representative, he must represent and consider the interests of the

3  Washington Class just as he would represent and consider his own interests.  Plaintiff

4  understands that in decisions regarding the conduct of the litigation and its possible

5  settlement, he must not favor his own interests over those of the Washington Class.  Plaintiff

6  recognizes that any resolution of a class action lawsuit, including any settlement or dismissal

7  thereof, must be in the best interests of the Washington Class.  Plaintiff understands that in

8  order to provide adequate representation, one must remain informed of developments in the

9  litigation, cooperate with class counsel by providing them with information and any relevant

10  documentary material in one's possession, and testify, if required, in a deposition and in trial.

11       57.     Plaintiff has retained counsel competent and experienced in complex wage and

12  hour class actions and in labor and employment litigation.

13       58.     A class action is superior to other available methods for the fair and efficient

14  adjudication of this litigation – particularly in the context of wage and hour litigation like the

15  present action, where individual plaintiffs may lack the financial resources to vigorously

16  prosecute a lawsuit in federal court against a corporate defendant.  The members of the

17  Washington Class have been damaged and are entitled to recovery as a result of U.S. Bank's

18  common and uniform policies, practices, and procedures.  Although the relative damages

19  suffered by individual Washington Class members are meaningful to them, such damages are

20  small compared to the expense and burden of bringing individual cases.  In addition, class

21  treatment is superior because it will obviate the need for unduly duplicative litigation that

22  might result in inconsistent judgments about U.S. Bank's practices.

23       59.     This action is properly maintainable as a class action under Federal Rule of Civil

24  Procedure 23(b)(3).

25

26

27

CLASS AND COLLECTIVE ACTION COMPLAINT - 9

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

**COMMON FACTUAL ALLEGATIONS**

2      60.     Plaintiff and the members of the Washington Class and the FLSA Collective

3 (collectively, "Class Members") have been victims of a common policy and plan perpetrated

4 by U.S. Bank that has violated their rights under the FLSA and MWA by denying them overtime

5 compensation for hours worked in excess of 40 in a workweek, including hours worked before

6 the scheduled start time of shifts, after the scheduled end time of shifts, during time recorded

7 as unpaid meal breaks, and during days off.

8      61.     Plaintiff and Class Members have also been victims of a common policy and

9 plan perpetrated by U.S. Bank that has violated their rights under Washington law by failing to

10 compensate them at no less than the applicable minimum wage rate for all straight-time

11 hours worked, including hours worked before the scheduled start time of shifts, after the

12 scheduled end time of shifts, during time recorded as unpaid meal breaks, and during days

13 off.

14      62.     Upon information and belief, Plaintiff and the Class Members worked more

15 than 40 hours during most weeks in which they worked for U.S. Bank.

16      63.     For example, U.S. Bank required Plaintiff and other BAMs to work before the

17 start of their scheduled shifts to complete required job duties including, but not limited to,

18 participating in conference calls, accepting shipments and deliveries, conducting security

19 checks, opening the branch, and cleaning the branch.

20      64.     In addition, Plaintiff and other BAMs also worked past the end of their

21 scheduled shifts to complete the job duties required by U.S. Bank, including, but not limited

22 to, assisting customers who arrived at the branch shortly before closing, balancing teller

23 drawers, participating in conference calls and cleaning the branch.

24      65.     Moreover, Plaintiff and other BAMs were required to work during their "days

25 off," including by regularly responding to employee inquiries.

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

66.     U.S. Bank failed to compensate Plaintiff and other BAMs for this time worked before the start of and after the end of their regularly scheduled shifts and during their days off.  This resulted in uncompensated, off-the-clock work, including overtime work.

67.     U.S. Bank required Plaintiff and BAMs to report a thirty-minute unpaid meal break each day on their timesheets, even when they worked through all or part of those periods.  This also resulted in uncompensated, off-the-clock work, including overtime work.

68.     Due to the demands U.S. Bank imposed on them, BAMs frequently were unable to take all or part of the thirty-minute meal breaks to which they were entitled and performed compensable work during those periods that was off the clock and uncompensated.

69.     U.S. Bank failed to pay Plaintiff and the Class members for all hours worked, including work performed off the clock.

70.     U.S. Bank failed to pay Plaintiff and the Class Members overtime premium compensation for all hours worked over 40 in a workweek, including work performed off the clock.

71.     U.S. Bank failed to keep accurate records of the hours that Plaintiff and the Class Members worked.

72.     U.S. Bank has required, suffered, or permitted all the work that Plaintiff and the FLSA Collective have performed, and/or U.S. Bank has known or should have known of all the work that Plaintiff and the FLSA Collective have performed.

73.     Pursuant to a centralized, company-wide policy, pattern or practice that was authorized, established, promulgated, and/or ratified by its corporate headquarters, U.S. Bank required, suffered, or permitted Plaintiff and the Class Members to work off the clock, which resulted in U.S. Bank failing to pay Plaintiff and the Class Members for all hours worked, including overtime hours, in violation of the FLSA and MWA.

74.     U.S. Bank's treatment and compensation of BAMs did not vary depending on the location where BAMs worked.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

75.     Plaintiff and the Class Members performed the same primary job duties.

76.     As part of its regular business practice, U.S. Bank has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the Class Members.  This policy and pattern or practice includes but is not limited to:

        a.      willfully failing to record all of the time that its employees, including Plaintiff and the Class Members, have worked for the benefit of U.S. Bank;

        b.      willfully failing to keep payroll records as required by the FLSA and Washington law; and

        c.      willfully failing to pay its employees, including Plaintiff and the Class Members, overtime wages for all of their hours that they worked in excess of 40 per week.

77.     U.S. Bank is aware or should have been aware that federal and state law required it to pay its employees an overtime premium for all hours worked in excess of 40 hours per week.

### FIRST CAUSE OF ACTION
**(Fair Labor Standards Act:  Unpaid Overtime Wages)**
**(On Behalf of Plaintiff and the FLSA Collective)**

78.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79.     At all relevant times, Plaintiff and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

80.     The overtime wage provisions set forth in the FLSA, 28 U.S.C. § 201 *et seq*. apply to U.S. Bank.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1     81.     U.S. Bank is an employer of Plaintiff and the FLSA Collective and is engaged in

2  commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§

3  206(a) and 207(a).

4     82.     At all relevant times, Plaintiff and the FLSA Collective were employees within

5  the meaning of 29 U.S.C. §§ 203(e) and 207(a).

6     83.     U.S. Bank has failed to pay Plaintiff and the FLSA Collective all of the overtime

7  wages to which they are entitled under the FLSA.

8     84.     U.S. Bank's violations of the FLSA, as described in this Complaint, have been

9  willful and intentional.

10    85.     Because U.S. Bank's violations of the FLSA have been willful, a three-year

11  statute of limitations applies, pursuant to 29 U.S.C. § 255.

12    86.     As a result of U.S. Bank's willful violations of the FLSA, Plaintiff and the FLSA

13  Collective have suffered damages by being denied overtime wages in accordance with 29

14  U.S.C. §§ 201 *et seq.*, in amounts to be determined at trial, and are entitled to recovery of

15  such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other

16  compensation pursuant to 29 U.S.C. § 216(b).

17                    **SECOND CAUSE OF ACTION**
           **(Washington Minimum Wage Act: Unpaid Minimum Wages)**
18        **(Brought on Behalf of Plaintiff and the Washington Class)**

19    87.     Plaintiff realleges and incorporates by reference all allegations in all preceding

20  paragraphs.

21    88.     At all times relevant, Plaintiff and the members of the Washington Class have

22  been employees and Defendants have been employers within the meaning of the MWA.

23    89.     Plaintiff and the members of the Washington Class are covered by the MWA

24  and accompanying regulations.

25    90.     U.S. Bank employed Plaintiff and the members of the Washington Class.

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

91.    RCW 49.46.090(1) provides that "[a]ny employer who pays any employee less than the amounts to which such employee is entitled under or by virtue of [the MWA] shall be liable to such employee affected for the full amount due to such employee . . . less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court."

92.    By the actions alleged above, U.S. Bank has violated RCW 49.46.090(1), including by failing to pay wages to Plaintiff and members of the Washington Class for all hours worked.

93.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the Washington Class members.

94.    As a result of the unlawful acts of U.S. Bank, Plaintiff and members of the Washington Class have been deprived of compensation in amounts to be determined at trial, and Plaintiffs and members of the Class and Subclasses are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.46.090.

**THIRD CAUSE OF ACTION**
**(Washington Minimum Wage Act: Unpaid Overtime Wages)**
**(Brought on Behalf of Plaintiff and the Washington Class)**

95.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

96.    RCW 49.46.130(1) provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

97.    By the actions alleged above, U.S. Bank has violated RCW 49.46.130(1) by failing to pay proper overtime wages to Plaintiff and members of the Washington Class during workweeks in which those employees worked more than forty hours but were not properly

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   compensated for all hours worked.

2       98.    Defendants failed to keep, make, preserve, maintain, and furnish accurate

3   records of time worked by Plaintiff and the Washington Class members.

4       99.    As a result of the unlawful acts of U.S. Bank, Plaintiff and members of the

5   Washington Class have been deprived of compensation in amounts to be determined at trial,

6   and Plaintiffs and members of the Class and Subclasses are entitled to recovery of such

7   damages, including interest thereon, as well as attorneys' fees and costs under RCW

8   49.46.090.

9   **FOURTH CAUSE OF ACTION**
**(Washington Wage Rebate Act: Willful Refusal to Pay Wages Owed)**

10   **(Brought on Behalf of Plaintiff and the Washington Class)**

11       100.    Plaintiff realleges and incorporates by reference all allegations in all preceding

12   paragraphs.

13       101.    RCW 49.52.050(2) provides that "[a]ny employer or officer, vice principal or

14   agent of any employer . . . who . . . [w]ilfully and with intent to deprive the employee of any

15   part of his or her wages, shall pay any employee a lower wage than the wage such employer is

16   obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a

17   misdemeanor.

18       102.    U.S. Bank's violations of RCW 49.46.090 and RCW 49.46.130 were willful and

19   constitute violations of RCW 49.52.050(2).

20       103.    RCW 49.52.070 provides that any employer who violates the provisions of RCW

21   49.52.050 shall be liable in a civil action for exemplary damages in the amount of twice the

22   wages withheld, attorneys' fees, and costs.

23       104.    As a result of the willful, unlawful acts of U.S. Bank, Plaintiff and members of

24   the Washington Class have been deprived of compensation in amounts to be determined at

25   trial, and Plaintiff and members of the Washington Class are entitled to exemplary damages,

26   attorneys' fees, and costs under RCW 49.52.070.

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

**PRAYER FOR RELIEF**

2       **WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons,

3    prays for the following relief:

4       A.      At the earliest possible time, Plaintiff should be allowed to give notice of this

5    collective action, or the Court issue such notice, to all persons who are members of the FLSA

6    Collective.  Such notice shall inform them that this civil action has been filed, of the nature of

7    the action, and of their right to join this lawsuit if they believe they were denied overtime;

8       B.      Unpaid overtime and liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq*.

9    and the supporting United States Department of Labor regulations;

10      C.      Unpaid minimum and overtime damages pursuant to the MWA, RCW 49.46 *et*

11   *seq*., and its supporting regulations;

12      D.      Exemplary damages pursuant to the Washington Wage Rebate Act, RCW 49.52

13   *et seq*.

14      E.      Pre-judgment and post-judgment interest;

15      F.      Attorneys' fees and costs of the action, including expert fees;

16      G.      Certification of this action as a class action under Rule 23;

17      H.      Designation of Plaintiff as Class Representative for the Washington Class;

18      I.      A reasonable incentive award for Plaintiff to compensate him for the time he

19   spent attempting to recover wages for the FLSA Collective and Washington Class, and for the

20   risks he took in doing so; and

21      J.      Such other relief as this Court deems just and proper.

22                         **DEMAND FOR TRIAL BY JURY**

23      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

24   by jury on all questions of fact raised by the Complaint.

25

26

27

CLASS AND COLLECTIVE ACTION COMPLAINT - 16

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1    RESPECTFULLY SUBMITTED AND DATED this 8th day of January, 2020.

2                                        TERRELL MARSHALL LAW GROUP PLLC

3
                                         By: /s/ Toby J. Marshall, WSBA #32726
4                                            Toby J. Marshall, WSBA #32726
                                             Email: tmarshall@terrellmarshall.com
5
                                         By: /s/ Brittany J. Glass, WSBA #52095
6                                            Brittany J. Glass, WSBA #52095
                                             Email: bglass@terrellmarhsall.com
7                                            936 North 34th Street, Suite 300
                                             Seattle, Washington 98103-8869
8                                            Telephone: (206) 816-6603
                                             Facsimile: (206) 319-5450
9

10                                           Gregg I. Shavitz, *pro hac vice forthcoming*
                                             Email: gshavitz@shavitzlaw.com
11                                           Paolo C. Meireles, *pro hac vice forthcoming*
                                             Email: pmeireles@shavitzlaw.com
12                                           Logan A. Pardell, *pro hac vice forthcoming*
                                             Email: lpardell@shavitzlaw.com
13                                           SHAVITZ LAW GROUP, P.A.
                                             951 Yamato Road, Suite 285
14                                           Boca Raton, Flordia 33431
                                             Telephone: (561) 447-8888
15                                           Facsimile: (561) 447-8831

16                                           Justin M. Swartz, *pro hac vice forthcoming*
                                             Email: jms@outtengolden.com
17                                           Michael N. Litrownik, *pro hac vice forthcoming*
                                             Email: mlitrownik@outtengolden.com
18                                           OUTTEN & GOLDEN LLP
                                             685 Third Avenue, 25th Floor
19                                           New York, New York 10016
                                             Telephone: (212) 245-1000
20                                           Facsimile: (646) 509-2057

21                                       *Attorneys for Plaintiff*

22

23

24

25

26

27

CLASS AND COLLECTIVE ACTION COMPLAINT - 17

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com