THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVE KIM, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>U.S. BANCORP and U.S. BANK NATIONAL ASSOCIATION,<br><br>　　　　　　　Defendants. | NO. 2:20-CV-00032-RSL<br><br>**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE**<br><br>**NOTED FOR CONSIDERATION:**<br>**APRIL 17, 2020** |

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE
CASE NO. 2:20-CV-00032-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................1

II. STATEMENT OF FACTS ...........................................................................................2

    A. The parties .......................................................................................................2

        1. Defendants ...........................................................................................2

        2. Plaintiff and proposed collective .........................................................3

            i. All BAMs share similar job duties and responsibilities ..............3

            ii. BAMs regularly work more than 40 hours per week to complete their job requirement ................................................3

III. AUTHORITY AND ARGUMENT ...............................................................................6

    A. The Court should conditionally certify the proposed collective and authorize timely notice to similarly situated employees ..................................6

    B. Plaintiff meets the lenient similarly situated standard .....................................7

    C. The Court should approve the proposed notice forms and order U.S. Bank to produce identifying information for similarly situated Employees ..........................................................................................................9

        1. Plaintiff's proposed notice is accurate and informative, and the proposed notice methods are appropriate ..........................................9

        2. A reminder notice is appropriate .......................................................11

        3. The Court should order U.S. Bank to produce information necessary for Plaintiff to disseminate notice to the proposed collective ...........................................................................................11

IV. CONCLUSION ...........................................................................................................12

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE - i

CASE NO. 2:20-CV-00032-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**TABLE OF AUTHORITIES**

Page

*Adams v. Inter-Con Sec. Sys., Inc.*,
    242 F.R.D. 530 (N.D. Cal. 2007) ..................................................................................9

*Atkinson v. TeleTech Holdings, Inc.*,
    No. 14 Civ. 253, 2015 WL 853234 (S.D. Ohio Feb. 26, 2015) .....................................10

*Bazzell v. Body Contour Centers, LLC*,
    C16-0202JLR, 2016 WL 3655274, at *6-8 (W.D. Wash. July 8, 2016) ...................10, 11

*Bolding v. Banner Bank*,
    No. 17 Civ. 0601 (RSL), 2017 WL 6406136 (W.D. Wash. Dec. 15, 2017) ...................7, 8

*Bollinger v. Residential Capital, LLC*,
    761 F. Supp. 2d 1114 (W.D. Wash. 2011).............................................................. 6, 7, 9

*Douglas v. Xerox Bus. Servs. LLC*,
    No. 12 Civ. 1798, 2014 WL 3396112 (W.D. Wash. July 10, 2014).................................8

*Heagney v. European Am. Bank*,
    122 F.R.D. 125 (E.D.N.Y. 1988) ....................................................................................7

*Hipp v. Liberty Nat'l Life Ins. Co.*,
    252 F.3d 1208 (11th Cir. 2001).......................................................................................7

*Hoffmann-La Roche Inc. v. Sperling*,
    493 U.S. 165 (1989)...............................................................................................*passim*

*Kidd v. Mathis Tire & Auto Serv., Inc.*,
    No. 14 Civ. 2298, 2014 WL 4923004 (W.D. Tenn. Sept. 18, 2014)..............................11

*Khadera v. ABM Indus., Inc.*,
    701 F. Supp. 2d 1190 (W.D. Wash. 2010).....................................................................8

*Knox v. Jones Grp.*,
    208 F. Supp. 3d 954 (S.D. Ind. 2016) ..........................................................................11

*Labrie v. UPS Supply Chain Sols., Inc.*,
    No. 08 Civ. 3182, 2009 WL 723599 (N.D. Cal. Mar. 18, 2009) .....................................9

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE - ii

CASE NO. 2:20-CV-00032-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Case 2:20-cv-00032-RSL   Document 24   Filed 03/19/20   Page 4 of 20

*Leuthold v. Destination Am., Inc.*,
   224 F.R.D. 462 (N.D. Cal. 2004) ..................................................................................7

*Lynch v. United Servs. Auto. Ass'n*,
   491 F. Supp. 2d 357 (S.D.N.Y. 2007) ..........................................................................9

*Morris v. Lettire Const., Corp.*,
   896 F. Supp. 2d 265 (S.D.N.Y. 2012) ........................................................................11

*Orquiza v. Walldesign, Inc.*,
   No. 11 Civ. 1374, 2012 WL 3561971 (D. Nev. Aug. 16, 2012) ..................................8

*Pippins v. KPMG LLP*,
   No. 11 Civ. 377, 2012 WL 19379 (S.D.N.Y. Jan. 3, 2012) .......................................10

*Prejean v. O'Brien's Response Mgmt., Inc.*,
   No. 12 Civ. 1045, 2013 WL 5960674 (E.D. La. Nov. 6, 2013) ................................10

*Randolph v. Centene Mgmt. Co.*,
   No. 14 Civ. 5730, 2015 WL 2062609 (W.D. Wash. May 4, 2015) .........................6, 7

*Rhodes v. Truman Med. Ctr., Inc.*,
   No. 13 Civ. 990, 2014 WL 4722285 (W.D. Mo. Sept. 23, 2014) ..........................9, 10

*Rodriguez v. Stage 3 Separation, LLC*, Slip Op.,
   No. 14 Civ. 603 (W.D. Tex. Mar. 16, 2015) ..............................................................10

*Sanchez v. Sephora USA, Inc.*,
   No. 11 Civ. 3396, 2012 WL 2945753 (N.D. Cal. July 18, 2012) ..............................10

*Senne v. Kan. City Royals Baseball Corp.*,
   No. 14 Civ. 608, 2015 WL 6152476 (N.D. Cal. Oct. 20, 2015) ................................10

*Thomas v. Kellogg Co.*,
   No. 13 Civ. 5136, 2014 WL 716152 (W.D. Wash. Jan. 9, 2014) .........................11, 12

*Troy v. Kehe Food Distribs., Inc.*,
   276 F.R.D. 642 (W.D. Wash. 2011) .............................................................................7

*Wilson v. Maxim Healthcare Servs., Inc.*,
   No. 14 Civ. 789 (RSL), 2014 WL 7340480 (W.D. Wash. Dec. 22, 2014) ..................9

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL
NOTICE - iii
CASE NO. 2:20-CV-00032-RSL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

**FEDERAL RULES AND STATUTES**

Fed. R. Civ. P. 23(b)(3).............................................................................................................7

29 U.S.C. § 216(b) ............................................................................................................ 1, 6,

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE - iv
CASE NO. 2:20-CV-00032-RSL

## I. INTRODUCTION

This is a straightforward class and collective action against U.S. Bancorp and U.S. Bank National Association (collectively, "U.S. Bank") for failing to pay non-exempt Branch Assistant Managers (also known as Customer Service Managers and/or Sales and Service Managers) (collectively, "BAMs") for all the overtime hours they worked.  It is precisely the type of case that should be conditionally certified under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

Although U.S. Bank properly classifies BAMs as overtime-eligible and entitled to the FLSA's protections, U.S. Bank does not pay BAMs premium overtime compensation for the hours they work in excess of 40 in a workweek.  U.S. Bank BAMs perform "off-the-clock" work for three reasons.  First, BAMs arrive to their branches before their scheduled shifts begin to perform opening procedures, and BAMs stay after the conclusion of their scheduled shifts to perform closing procedures.  U.S. Bank does not allow them to record all of this pre- and post-shift time.  Second, BAMs routinely work through meal breaks but are directed to record unpaid 30-minute meal breaks on their timesheets.  Third, BAMs regularly work from home on their days off, answering telephone calls and text messages from Branch Managers and tellers, but are not allowed to record this time.

Plaintiff Steve Kim supports these allegations with his own declaration and with the declarations of six other U.S. Bank BAMs who worked in thirteen different branches in five different states.  This showing is more than sufficient to meet the lenient standard that courts apply when evaluating motions for Court-authorized FLSA notice.  Notice is necessary so that other BAMs can find out about their right to join this case, toll the statute of limitations on their claims, and collectively vindicate their unpaid wage claims.

Plaintiff seeks to send notice to:

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE - 1
CASE NO. 2:20-CV-00032-RSL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

> All persons nationwide who, at any time from December 11, 2016[1] to the date of the final judgment in this matter, are or were employed as BAMs by U.S. Bank.

Plaintiff further requests that the Court enter an order providing the following relief:

1. Directing U.S. Bank to produce to Plaintiff within seven days of the entry of the Court's order:

> A list, in electronic, delimited, and importable format, of all members of the collective action, as defined above, including each member's: (1) name, (2) last known mailing address, (3) last known telephone number, (4) last known personal email address, (5) job title, (6) dates and location of employment, (7) employee number, (8) date of birth, and (9) Social Security number (last four digits only).

2. Approving the form and content of Plaintiff's proposed judicial notice, reminder notice, and a notice website through which proposed opt-in plaintiffs can submit a consent form, all of which are attached as Exhibits 1-5 to the Declaration of Toby Marshall in Support of Plaintiff's Motion for Conditional Certification and Judicial Notice ("Marshall Declaration");[2]

3. Authorizing Plaintiff to send the proposed judicial notice to all members of the collective action via U.S. Mail and email, as well as via website, and to send a reminder notice 21 days before the expiration of the opt-in period; and

4. Providing members of the collective action 60 days from the time notice is initially sent out to opt-in and join the lawsuit.

## II. STATEMENT OF FACTS

**A.  The parties.**

1. <u>Defendants</u>.

U.S. Bank is one of the largest financial institutions in the United States, with

---

[1] The parties entered into an agreement to toll the statute of limitations for a combined total of four weeks before Mr. Kim filed the Complaint on January 8, 2020.
[2] All exhibits are attached to the Marshall Declaration.

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE - 2
CASE NO. 2:20-CV-00032-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

approximately 70,000 employees nationwide as of December 31, 2019.[3] U.S. Bancorp is a bank holding company while U.S. Bank National Association is the principal banking subsidiary of U.S. Bancorp and a nationally chartered banking association. Complaint ¶¶ 25, 32.

2.  Plaintiff and the proposed collective.

Plaintiff was employed by U.S. Bank as a BAM in an Auburn, Washington branch from approximately January 2016 to April 2017. Declaration of Steve Kim ("Kim Decl.") ¶ 2. Other BAMs who have joined this case as opt-in plaintiffs worked at various U.S. Bank locations in Missouri, Oregon, Tennessee, and Wisconsin. Declaration of Mandy Bissell ("Bissell Decl.") ¶ 2; Declaration of Zachary Fisher ("Fisher Decl.") ¶ 2; Declaration of Daniel Schneider ("Schneider Decl.") ¶ 2; Declaration of Heather Staat ("Staat Decl.") ¶ 2; Declaration of Justin Whisenhunt (Whisenhunt Decl.") ¶ 2; Declaration of Allison Wile ("Wile Decl.") ¶ 2.

    *i.    All BAMs share similar job duties and responsibilities.*

Regardless of where BAMs work, they share the same primary job duties: assisting clients, selling products, opening and closing accounts, providing back office support, initiating check requests, wires, and electronic transfers, handling telephone calls, performing general clerical duties, and more. Bissell Decl. ¶ 5; Fisher Decl. ¶ 5; Kim Decl. ¶ 5; Schneider Decl. ¶ 5; Staat Decl. ¶ 5; Whisenhunt Decl. ¶ 5; Wile Decl. ¶ 5.

    *ii.    BAMs regularly work more than 40 hours per week to complete their job requirements.*

Since November 2016, U.S. Bank has classified BAMs as non-exempt employees and is therefore required to pay them an overtime premium for all hours worked over 40 in a workweek. Although U.S. Bank typically includes only 40 hours each week on their schedules, it relies on BAMs to work beyond their scheduled hours to complete the requirements of their jobs. Bissell Decl. ¶ 8; Fisher Decl. ¶ 9; Kim Decl. ¶ 8; Schneider Decl. ¶ 8; Staat Decl. ¶ 9; Whisenhunt Decl. ¶ 8; Wile Decl. ¶ 8.

---

[3] U.S. Bank, About U.S. Bank, https://www.usbank.com/about-us-bank.html (Last visited Mar. 19, 2020).

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE - 3
CASE NO. 2:20-CV-00032-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

BAMs' off the clock work occurs in three ways. First, BAMs arrive to the branches before their scheduled shifts begin to perform opening procedures, and BAMs stay after the conclusion of their scheduled shifts to perform closing procedures. Bissell Decl. ¶¶ 8, 10; Fisher Decl. ¶¶ 10, 11, 12; Kim Decl. ¶¶ 8, 10; Schneider Decl. ¶¶ 8, 10, 11; Staat Decl. ¶ 9; Whisenhunt Decl. ¶¶ 8, 10, 11; Wile Decl. ¶¶ 8, 10, 11. Second, BAMs routinely work through unpaid meal breaks. Bissell Decl. ¶ 9; Fisher Decl. ¶ 9; Kim Decl. ¶ 9; Schneider Decl. ¶ 9; Staat Decl. ¶ 8; Whisenhunt Decl. ¶ 9; Wile Decl. ¶ 9. Third, BAMs regularly work from home on their days off, answering telephone calls and text messages from Branch Managers and tellers. Bissell Decl. ¶ 11; Kim Decl. ¶ 11; Staat Decl. ¶ 9; Whisenhunt Decl. ¶ 10; Wile Decl. ¶ 12.

U.S. Bank's Branch Managers do not allow BAMs to record all of the overtime hours they work. Bissell Decl. ¶ 14; Fisher Decl. ¶ 15; Kim Decl. ¶ 11; Schneider Decl. ¶ 14; Staat Decl. ¶ 13; Whisenhunt Decl. ¶ 15; Wile Decl. ¶ 15. Branch Managers and District Managers have directed BAMs to change their timesheets to ensure they do not reflect overtime hours. Bissell Decl. ¶ 14 ("[O]n two occasions I attempted to submit timesheets with my actual hours worked and both of those times my Branch Manager, Jaclyn Lindsay, made me change the timesheet to ensure that it did not reflect overtime hours."); Fisher Decl. ¶ 15 ("In the event that any branch employee recorded overtime, we would receive an email from our District Manager, Jeff Sanbor, admonishing us for recording overtime and instructing us not to do so again."); Kim Decl. ¶ 18 ("For the first two or three weeks after I was classified as non-exempt in November 2016, I logged some but not all of the overtime hours I worked each week on my timecard because I knew that having overtime on the payroll reflected poorly on my branch manager. I then learned that my branch manager was receiving pressure from U.S. Bank district management to avoid having overtime on her payroll for the branch. In fact, my branch manager told the employees at the Auburn branch that we could not work overtime hours."); Staat Decl. ¶ 14 ("I recall that on the few occasions that I did submit weekly hours

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE - 4
CASE NO. 2:20-CV-00032-RSL

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

which totaled greater than one overtime hour, that I was questioned by Jennifer Sullivan, who was administrative assistant for Donny Carver, the District Manager. Ms. Sullivan advised me on each occasion that going forward I could not record overtime."); Whisenhunt Decl. ¶ 15 ("I recall that when I was first reclassified to a non-exempt employee, I attempted to submit a timesheet reflecting all hours that I worked. After attempting to do so, I was scolded by my Branch Manager, Skii Van Dracek, and told not to record more than 40 hours."). Although U.S. Bank has allowed BAMs to record some pre-approved overtime, U.S. Bank rarely grants pre-approval. Bissell Decl. ¶¶ 14, 15; Fisher Decl. ¶¶ 15, 16; Schneider Decl. ¶¶ 14, 15; Staat Decl. ¶¶ 13, 15; Whisenhunt Decl. ¶¶ 15, 16; Wile Decl. ¶ 16.

Despite this, managers direct BAMs to work as much time as necessary, including hours in excess of 40 hour per work week, to complete their job duties. Bissell Decl. ¶ 13; Fisher Decl. ¶ 14; Kim Decl. ¶ 14; Schneider Decl. ¶ 13; Staat Decl. ¶ 12; Whisenhunt Decl. ¶ 14; Wile Decl. ¶ 14. BAMs cannot complete their job duties in less than 40 hours per work week. Bissell Decl. ¶¶ 12, 15; Fisher Decl. ¶¶ 13, 16; Kim Decl. ¶¶ 16; Schneider Decl. ¶¶ 12, 15; Staat Decl. ¶¶ 11, 15; Whisenhunt Decl. ¶¶ 13, 16; Wile Decl. ¶¶ 13, 16. BAMs, therefore, regularly work overtime hours off the clock and without compensation. Bissell Decl. ¶ 16; Fisher Decl. ¶ 17; Kim Decl. ¶ 16; Schneider Decl. ¶ 16; Staat Decl. ¶ 16; Whisenhunt Decl. ¶ 17; Wile Decl. ¶ 17.

U.S. Bank is aware that BAMs work overtime hours. Bissell Decl. ¶ 14; Fisher Decl. ¶ 15; Kim Decl. ¶ 16; Schneider Decl. ¶ 14; Staat Decl. ¶¶ 13, 14; Whisenhunt Decl. ¶ 15; Wile Decl. ¶ 15. BAMs regularly work between approximately 3 and 20 off-the-clock, unpaid, overtime hours each week. Bissell Decl. ¶ 12 ("[I]n a typical week, I worked approximately 45 to 46 hours to meet U.S. Bank's requirements for the BAM position."); Fisher Decl. ¶ 13 ("[I]n a typical week, I worked approximately 44 to 48 hours to meet U.S. Bank's requirements for the BAM position."); Kim Decl. ¶ 13 ("[I]n a typical week, I worked approximately 60 hours to meet U.S. Bank's requirements for the BAM position."); Schneider Decl. ¶ 12 ("[I]n a typical

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE - 5
CASE NO. 2:20-CV-00032-RSL

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

week, I worked approximately 43 to 45 hours to meet U.S. Bank's requirements for the BAM position."); Staat Decl. ¶ 11 ("[I]n a typical week, I worked approximately 44 to 46 hours to meet U.S. Bank's requirements for the BAM position."); Whisenhunt Decl. ¶ 13 ("[I]n a typical week, I worked approximately 44.5 to 46 hours to meet U.S. Bank's requirements for the BAM position."); Wile Decl. ¶ 13 ("[I]n a typical week, I worked approximately 46 to 56 hours to meet U.S. Bank's requirements for the BAM position.").

### III. AUTHORITY AND ARGUMENT

**A.   The Court should conditionally certify the proposed collective and authorize timely notice to similarly situated employees.**

The FLSA authorizes employees to sue for unpaid overtime wages in a "collective action" on behalf of "other employees similarly situated."  29 U.S.C. § 216(b).  The collective action mechanism serves the "broad remedial goal" of the FLSA because it avoids a "multiplicity of duplicative suits" by allowing employees whose claims are often small and not likely to be brought on an individual basis to join together and "pool[ ] resources" to lower costs and efficiently resolve common issues of law and fact.  *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170-73 (1989); *see also Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1119 (W.D. Wash. 2011) ("FLSA collective actions serve to lower the cost of litigation for individual claimants and promote efficiency in resolution of claims and the use of judicial resources.").

The benefits of a collective action "depend on employees receiving accurate and timely notice concerning the pendency of the [case], so that they can make informed decisions about whether to participate."  *Hoffmann-La Roche*, 493 U.S. at 170.  Unlike a class action under Federal Rule of Civil Procedure 23, in which employees are members of the class unless they affirmatively opt out, each individual member or "party plaintiff" of an FLSA collective action must affirmatively opt in to the case by filing a written consent to join the suit.  Until those individuals opt in, the statute of limitations on their claims continues to run, making timely notice critical.  *See Bollinger*, 761 F. Supp. 2d at 1122; *see also Randolph v.*

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE - 6
CASE NO. 2:20-CV-00032-RSL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Centene Mgmt. Co.*, No. 14 Civ. 5730, 2015 WL 2062609, at *4 (W.D. Wash. May 4, 2015) (quoting *Hoffmann-La Roche*, 493 U.S. at 170).

Courts follow a two-stage approach to adjudicating collective actions. *See Bolding v. Banner Bank*, No. 17 Civ. 0601 (RSL), 2017 WL 6406136, at *1 (W.D. Wash. Dec. 15, 2017) ("In the Ninth Circuit, certification of a collective action is generally a two-step process."); *see also Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001) (two-stage approach is "an effective tool for district courts to use in managing these often complex cases"). At the first stage, where this case currently sits, "the issue is whether plaintiffs have identified other employees who are similarly situated to them, such that they are potential opt-in plaintiffs and should be given notice of the action." *Bolding*, 2017 WL 6406136, at *1. The second stage begins after notice has issued, the opt-in period has expired, discovery has been completed, and "the case is ready to be tried." *Id.* At that point, the Court conducts "a more searching review." *Id.*

With this motion, Plaintiff respectfully asks the Court to take the first step in the collective action process by finding that other BAMs are likely to be similarly situated to Plaintiff and authorizing accurate and timely notice pursuant to 29 U.S.C. § 216(b).

**B.    Plaintiff meets the lenient similarly situated standard.**

The standard for determining whether individuals are similarly situated is "lenient" and "usually results in certification." *Bollinger*, 761 F. Supp. 2d at 1119 (quoting *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 468 (N.D. Cal. 2004)). "[T]he similarly situated requirement of 29 U.S.C. § 216(b) is considerably less stringent than the requirement of that common questions predominate." *Heagney v. European Am. Bank*, 122 F.R.D. 125, 127 n. 2 (E.D.N.Y. 1988) (internal quotation marks omitted); *see also Troy v. Kehe Food Distribs., Inc.*, 276 F.R.D. 642, 649 (W.D. Wash. 2011) (noting that "FLSA collective actions are not subject to the numerosity, commonality, and typicality rules of a class action suit brought under Rule 23"). The lenient standard is appropriate because, at this early stage, the plaintiff has not yet

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL
NOTICE - 7
CASE NO. 2:20-CV-00032-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

had discovery and has access only to "minimal evidence." *See Orquiza v. Walldesign, Inc.*, No. 11 Civ. 1374, 2012 WL 3561971, at *2 (D. Nev. Aug. 16, 2012) (citations omitted).

"Because 'the sole consequence of conditional certification is the sending of court-approved written notice to employees'. . . little more is required than 'substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan and a showing that plaintiffs are generally comparable to those they seek to represent.'" *Bolding*, 2017 WL 6406136, at *1 (citations omitted).

At this stage, the court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Douglas v. Xerox Bus. Servs. LLC*, No. 12 Civ. 1798, 2014 WL 3396112, at *3 (W.D. Wash. July 10, 2014) (citations omitted). Rather, the court need only satisfy itself that there is a "reasonable basis" for plaintiff's claims of class-wide injury. *Bollinger*, 761 F. Supp. 2d at 1119 (quoting *Khadera v. ABM Indus., Inc.*, 701 F. Supp. 2d 1190, 1194 (W.D. Wash. 2010)).

Plaintiff satisfies this lenient burden. The proposed collective includes BAMs with similar primary job duties. Bissell Decl. ¶ 5; Fisher Decl. ¶ 5; Kim Decl. ¶ 5; Schneider Decl. ¶ 5; Staat Decl. ¶ 5; Whisenhunt Decl. ¶ 5; Wile Decl. ¶ 5. To complete these job duties, they regularly work overtime hours. Bissell Decl. ¶¶ 8-13; Fisher Decl. ¶¶ 8-14; Kim Decl. ¶¶ 13-16; Schneider Decl. ¶¶ 8-13; Staat Decl. ¶¶ 8-12; Whisenhunt Decl. ¶¶ 8-14; Wile Decl. ¶¶ 8-14. Using standard tactics, U.S. Bank prevents them from recording all of their overtime hours and does not properly pay them overtime compensation. Bissell Decl. ¶¶ 14-16; Fisher Decl. ¶¶ 15-17; Kim Decl. ¶¶ 17-20; Schneider Decl. ¶¶ 14-16; Staat Decl. ¶¶ 13-16; Whisenhunt Decl. ¶¶ 15-17; Wile Decl. ¶¶ 15-17.

Whether U.S. Bank's common policy and practice of requiring or permitting off-the-clock work violates the law presents a legal question that is the same for all proposed collective action members. *See, e.g.*, *Bolding*, 2017 WL 6406136, at *2 (conditionally

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE - 8
CASE NO. 2:20-CV-00032-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

certifying collective action where "plaintiffs have sufficiently supported their allegations of a uniform policy resulting in unpaid hours"); *Wilson v. Maxim Healthcare Servs., Inc.*, No. 14 Civ. 789 (RSL), 2014 WL 7340480, at *8 (W.D. Wash. Dec. 22, 2014) (granting plaintiffs' motion for conditional certification to allow class members to "collectively adjudicate" their overtime claims); *Labrie v. UPS Supply Chain Sols., Inc.*, No. 08 Civ. 3182, 2009 WL 723599 at *6 (N.D. Cal. Mar. 18, 2009) (granting conditional certification where "Plaintiffs have made substantial allegations that potential plaintiffs were subject to a single illegal policy, plan or decision"); *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 537 (N.D. Cal. 2007) ("[A]ctions with off-the-clock allegations are suitable for collective action certification.").

**C.     The Court should approve the proposed notice forms and order U.S. Bank to produce identifying information for similarly situated employees.**

The benefits of the collective action mechanism "depend on employees receiving accurate and timely notice . . . so that they can make informed decisions about whether to participate." *Hoffmann-La Roche*, 493 U.S. at 170.  Prompt court involvement is necessary both "to ensure[] that 'the task is accomplished in an efficient and proper way'" and because the claims of potential opt-in plaintiffs are being diminished or extinguished by the running of the statute of limitations.  *Bollinger*, 761 F. Supp. 2d at 1122 (quoting *Hoffmann-La Roche*, 493 U.S. at 171).  "[E]very day that passes is a day of damages each potential opt-in plaintiff will be unable to recover. Court-facilitated notice will prevent the continued erosion of these claims." *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 371 (S.D.N.Y. 2007).

   1.     <u>Plaintiff's proposed notice is accurate and informative, and the proposed notice methods are appropriate</u>.

Plaintiff's proposed notice provides potential opt-in plaintiffs with an accurate description of this lawsuit as well as their rights under the FLSA.  *See* Exs. 1-5 to Marshall Decl.

U.S. Mail, email, and a case-specific website are all appropriate ways for potential opt-in plaintiffs to receive notice and submit consent forms.  Courts agree that the issuance of notice in these ways will ensure that all proposed collective members are reached as soon as

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL
NOTICE - 9
CASE NO. 2:20-CV-00032-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

possible. *See Bazzell v. Body Contour Centers, LLC*, C16-0202JLR, 2016 WL 3655274, at *6-8 (W.D. Wash. July 8, 2016) (approving notice via U.S. mail and email); *see also Atkinson v. TeleTech Holdings, Inc.*, No. 14 Civ. 253, 2015 WL 853234, at *5 (S.D. Ohio Feb. 26, 2015) (recognizing that sending notice by both mail and email "advances the remedial purpose of the FLSA" and is "in line with the current nationwide trend"); *Rhodes v. Truman Med. Ctr., Inc.*, No. 13 Civ. 990, 2014 WL 4722285, at *5 (W.D. Mo. Sept. 23, 2014) ("[E]mail provides an efficient and cost-effective means of disseminating notice documents and has been endorsed by courts in the past."); *Prejean v. O'Brien's Response Mgmt., Inc.*, No. 12 Civ. 1045, 2013 WL 5960674, at *10 (E.D. La. Nov. 6, 2013) (granting request for notice by mail and email since "notice by both e-mail and first-class mail is both routine and reasonably calculated to accomplish the broad remedial goals of the notice provision of the FLSA").

Emailed notice is especially important, as one court recognized years ago:

The Court notes that in 2015 it should rarely be entertaining arguments about the appropriateness of email notice. Email is not the wave of the future; email is the wave of the last decade and a half. Many people use their email address as their primary point of contact, and in almost every situation, more opt-in plaintiffs will be on notice of a pending collective action if the putative class members are also notified via email. Ex. 6 to Marshall Decl. (*Rodriguez v. Stage 3 Separation, LLC*, Slip Op., No. 14 Civ. 603, at *2 n.1 (W.D. Tex. Mar. 16, 2015), ECF 57); *see also Pippins v. KPMG LLP*, No. 11 Civ. 377, 2012 WL 19379, at *14 (S.D.N.Y. Jan. 3, 2012) ("[G]iven the reality of communications today, . . . the provision of email addresses and email notice in addition to notice by first class mail is entirely appropriate.").

Potential opt-in plaintiffs should be given 60 days to submit claim forms. *See Bazzell*, 2016 WL 3655274, at *6 & n.8; *see also Senne v. Kan. City Royals Baseball Corp.*, No. 14 Civ. 608, 2015 WL 6152476, at *19 (N.D. Cal. Oct. 20, 2015) ("[T]imeframes of sixty to ninety days appear to have become the presumptive standard in this District." (quoting *Sanchez v. Sephora USA, Inc.*, No. 11 Civ. 3396, 2012 WL 2945753, at *6 (N.D. Cal. July 18, 2012))).

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE - 10
CASE NO. 2:20-CV-00032-RSL

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2. <u>A reminder notice is appropriate</u>.

The Court should also authorize a reminder notice, attached as Exhibit 3 to the Marshall Declaration, to proposed collective members who have not submitted consent forms as of 15 days before the opt-in deadline. *Knox v. Jones Grp.*, 208 F. Supp. 3d 954, 964-65 (S.D. Ind. 2016) ("Deadline reminders are commonplace and will not appear to endorse the merits of the case."). Courts routinely allow such reminder notices. *See, e.g.*, *Bazzell*, 2016 WL 3655274 at *6 (approving sending of reminder letter on or about 15 days before opt-in deadline); *Kidd v. Mathis Tire & Auto Serv., Inc.*, No. 14 Civ. 2298, 2014 WL 4923004, at *3 (W.D. Tenn. Sept. 18, 2014) (finding reminder proper); *Thomas v. Kellogg Co.*, No. 13 Civ. 5136, 2014 WL 716152, at *3 (W.D. Wash. Jan. 9, 2014) (approving a post-card reminder to all class members who did not return opt-in form within 30 days); *Morris v. Lettire Const., Corp.*, 896 F. Supp. 2d 265, 275 (S.D.N.Y. 2012) ("Given that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in, we find that a reminder notice is appropriate.").

3. <u>The Court should order U.S. Bank to produce information necessary for Plaintiff to disseminate notice to the proposed collective</u>.

The identification of potential members of the collective is necessary for Plaintiff to notify them of the action as contemplated by the FLSA. *See Hoffmann-La Roche*, 493 U.S. at 170 (affirming district court decision permitting discovery of names and addresses of proposed class members). Accordingly, the Court should order U.S. Bank to provide Plaintiff with a list of all potential opt-in plaintiffs and their contact information. To enable notice to be sent in a timely and effective fashion, Plaintiff specifically asks that the Court direct U.S. Bank to produce, within seven days of its order, an electronic list of all persons who fit within the proposed class, including each proposed collective member's: (1) name, (2) last known mailing address, (3) last known telephone number, (4) last known personal email address, (5) job title, (6) dates and location of employment, (7) employee number, (8) date of birth, and

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE - 11
CASE NO. 2:20-CV-00032-RSL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(9) Social Security number (last four digits only).[4]  Such an order is common under these circumstances and necessary to facilitate effective notice.  *See, e.g.*, *Thomas*, 2014 WL 716152, at *2-3 (ordering defendants to provide contact information, "including last four digits of the [S]ocial [S]ecurity numbers of the class members whose notices [were] returned without forwarding addresses" and to produce the data "in a manipulable electronic format such as Microsoft Excel").  The information requested will aid in the prompt dissemination of the Court-approved notice.

### IV.  CONCLUSION

For all of the foregoing reasons, the Court should conditionally certify this case as a collective action, approve the proposed notice plan, and order production of the class list.

RESPECTFULLY SUBMITTED AND DATED this 19th day of March, 2020.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Toby J. Marshall, WSBA #32726
  Toby J. Marshall, WSBA #32726
  Email: tmarshall@terrellmarshall.com
  Brittany J. Glass, WSBA #52095
  Email: bglass@terrellmarhsall.com
  936 North 34th Street, Suite 300
  Seattle, Washington 98103-8869
  Telephone: (206) 816-6603
  Facsimile: (206) 319-5450

---

[4]  The last four digits of a Social Security number and a date of birth are useful in tracking change of address information.

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE - 12
CASE NO. 2:20-CV-00032-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Gregg I. Shavitz, *Admitted Pro Hac Vice*
Email: gshavitz@shavitzlaw.com
Paolo C. Meireles*, Admitted Pro Hac Vice*
Email: pmeireles@shavitzlaw.com
Logan A. Pardell*, Admitted Pro Hac Vice*
Email: lpardell@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

Justin M. Swartz, *Admitted Pro Hac Vice*
Email: jms@outtengolden.com
Michael N. Litrownik, *Admitted Pro Hac Vice*
Email: mlitrownik@outtengolden.com
Sabine Jean, *Admitted Pro Hac Vice*
Email: sjean@outtengolden.com
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (646) 509-2057

*Attorneys for Plaintiff*

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL
NOTICE - 13
CASE NO. 2:20-CV-00032-RSL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## CERTIFICATE OF SERVICE

I, Toby J. Marshall, hereby certify that on March 19, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

DATED this 19th day of March, 2020.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Toby J. Marshall, WSBA #32726
    Toby J. Marshall, WSBA #32726
    Email: tmarshall@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103-8869
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

*Attorneys for Plaintiff*

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE - 14
CASE NO. 2:20-CV-00032-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# **CERTIFICATE OF SERVICE**

I, Toby J. Marshall, hereby certify that on March 19, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Counsel for Defendants has not yet formally appeared, but I understand Joan B. Tucker Fife of Winston & Strawn LLP (jfife@winston.com) represents Defendants. Accordingly, I will see that this document is emailed to Ms. Fife on March 20, 2020. If she is unable to accept service, I will see that Defendants are served with a copy through their registered agents. Either way, I will file another certificate of service once service is complete.

DATED this 19th day of March, 2020.

> TERRELL MARSHALL LAW GROUP PLLC
>
> By: /s/ Toby J. Marshall, WSBA #32726
> Toby J. Marshall, WSBA #32726
> Email: tmarshall@terrellmarshall.com
> 936 North 34th Street, Suite 300
> Seattle, Washington 98103-8869
> Telephone: (206) 816-6603
> Facsimile: (206) 319-5450
>
> *Attorneys for Plaintiff*

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE - 15
CASE NO. 2:20-CV-00032-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com