1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE HONORABLE ROBERT S. LASNIK

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVE KIM, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. BANCORP and U.S. BANK NATIONAL ASSOCIATION,<br><br>    Defendants. | **Case No. 2:20-cv-00032-RSL**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**<br><br>[Filed concurrently with (1) Declaration of Jason S. Campbell; and (2) Declaration of Sara Cerecedes]<br><br>Noted for Consideration: July 10, 2020<br><br>Complaint Filed: December 11, 2019 |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER
CASE NO.: 2:20-CV-00032-RSL

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA 90071
Tel: 213-615-1700

1

## I.   INTRODUCTION

2     Plaintiff Steve Kim's Motion for a Protective Order has no basis other than Kim's desire to

3 avoid engaging in discovery the Federal Rules of Civil Procedure expressly permit. U.S. Bank

4 served interrogatories, document requests, and deposition notices on Kim and six Opt-In Plaintiffs

5 after the parties met and conferred pursuant to Rule 26(f). Kim has never stated that he or the Opt-In

6 Plaintiffs cannot respond by their deadlines, are not available for their depositions, or that the

7 information U.S. Bank seeks is not discoverable. Instead, he and the Opt-In Plaintiffs refuse to

8 engage in discovery at this point because Kim wants to have all discovery stayed until the Court

9 decides his Motion for Conditional Certification noted for consideration on August 21, 2020. But the

10 filing of a Motion for Conditional Certification does not stay discovery under the Federal Rules.

11 Indeed, the Federal Rules permit a party to serve discovery after the Rule 26(f) conference, just as

12 U.S. Bank did.

13     To obtain a protective order, Kim must demonstrate that it will protect him from specific

14 prejudice caused by annoyance, embarrassment, oppression, or undue burden or expense. He has not

15 met this standard. Indeed, his Motion for a Protective Order does not address or mention this

16 standard. He simply argues it is too early for discovery because U.S. Bank might use it in its

17 Opposition to the Motion for Conditional Certification. Kim also argues that U.S. Bank's discovery

18 will somehow delay conditional certification proceedings and that U.S. Bank's discovery is

19 subterfuge for asking the Court to apply a different standard to resolving conditional certification.

20 These arguments lack merit. They are also not evidence of any annoyance, embarrassment,

21 oppression, or undue burden or expense from which Kim must be protected.

22     U.S. Bank does not have a burden to show that the discovery it seeks will be useful, or how it

23 will be useful, or when it will be useful. But there are reasons that U.S. Banks seeks the discovery

24 now, before it opposes conditional certification. For example, Kim's Conditional Certification

25 Motion relies on declarations from six Opt-In Plaintiffs, including Justin Whisenhunt. Mr.

26 Whisenhunt's declaration states that he worked in a class position during the relevant period. (Dkt.

27 28, ¶ 2.) But he didn't. U.S. Bank's discovery could show that other statements made in the Opt-In

28 Plaintiffs' declarations are similarly unreliable such that the Court should not credit them.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER
CASE NO.: 2:20-CV-00032-RSL

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA  90071
Tel: 213-615-1700

1

1    Accordingly, U.S. Bank requests that the Court deny Kim's request for a protective order

2  because granting it even though Kim has not met the standard will deny U.S. Bank its right to timely

3  use discovery tools the Federal Rules expressly authorize.

4                              II.      **BACKGROUND**

5  **A.**    **Kim's claims and conditional certification motion.**

6    Kim asserts that U.S. Bank denied overtime compensation to a nationwide collective

7  comprising U.S. Bank's nonexempt Branch Assistant Managers who U.S. Bank reclassified from

8  exempt from overtime to overtime eligible in November 2016. (Dkt. No. 1, ¶ 1.) The basis for Kim's

9  claim is an allegation that U.S. Bank has a common policy requiring these Branch Assistant

10  Managers to work time off-the-clock without compensation, thereby denying overtime in violation

11  of the Fair Labor Standards Act ("FLSA"). U.S. Bank has no such policy.

12    Kim moved to conditionally certify a FLSA collective two months after initiating the action,

13  on March 19, 2020. (Dkt. No. 24.) Kim submitted his own declaration and those of six Opt-In

14  Plaintiffs as evidence in support of conditional certification. (Dkt. Nos. 26-32.) He seeks conditional

15  certification of a claim that thousands of Branch Assistant Managers working in over a thousand

16  U.S. Bank branch locations throughout the United States worked off-the-clock and did not record

17  overtime. Kim does not allege that employees were all subject to a single common policy such as

18  one misclassifying them as exempt from overtime.

19    Kim initially noted the conditional certification motion for consideration on April 17, 2020.

20  (Dkt. No 24.) The parties later agreed to continue certain related deadlines in an effort to mediate the

21  case in June 2020. (Declaration of Jason S. Campbell ("Campbell Decl."), ¶ 2.) The parties filed a

22  Stipulated Motion to Continue Certain Deadlines on March 27, 2020, and selected August 11, 2020,

23  as the date U.S. Bank's Opposition to conditional certification would be due. (Dkt. No. 45.) The

24  stipulation did not include, and Kim did not request, a stay of discovery. On March 30, 2020, the

25  Court reset the motion for consideration on August 21, 2020. Kim's Reply is due the same day.

26  **B.**    **Mediation.**

27    The parties mediated the case on June 26, 2020. (Campbell Decl., ¶ 3.) Before the mediation,

28  U.S. Bank voluntarily produced the personnel files and pay records for Kim and each Opt-In

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER
CASE NO.: 2:20-CV-00032-RSL

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA 90071
Tel: 213-615-1700

2

1   Plaintiff. (*Id.*) It also produced U.S. Bank policies on overtime compensation and timekeeping. (*Id.*)

2   Despite the parties' efforts, mediation failed. (*Id.*)

3   **C.**     **The discovery at issue.**

4         The parties met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure

5   on June 10, 2020.[1] (Campbell Decl., ¶ 4.) U.S. Bank served written discovery and notices of the

6   depositions of Kim and the six Opt-In Plaintiffs later the same day. (*Id.*) Responses to the written

7   discovery are due July 13, 2020, and the depositions are scheduled for July 15, 16, and 20-24, 2020.

8   (*Id.*) The depositions will occur via Zoom videoconference given the COVID-19 pandemic. (*Id.*)

9   Kim has not served any discovery. (Campbell Decl., ¶ 5.)

10        U.S. Bank's letter enclosing the written discovery requests and deposition notices

11  specifically invited Kim to suggest alternative dates: "If the dates we selected for the depositions do

12  not work for you and your clients, we are happy to work with you to schedule a mutually-agreeable

13  date." (Campbell Decl., ¶ 4, Ex. A.) The letter also asked Kim's counsel to raise any issue related to

14  the videoconference format by June 30, 2020. (*Id.*)

15  **D.**     **Kim's refusal to engage in discovery.**

16        Almost three weeks after U.S. Bank served the discovery and deposition notices, on June 30,

17  2020, Kim's counsel emailed counsel for U.S. Bank to state that Kim intended to file a motion to

18  "postpone the depositions and Kim's responses to the written discovery until the Court resolves

19  Kim's pending motion for conditional certification." (Campbell Decl., ¶ 6, Ex. B.)

20        The parties met and conferred on July 1, 2020. (Campbell Decl., ¶ 7.) Kim's counsel did not

21  indicate that they, Kim, or any of the other deponents were unavailable on the dates their depositions

22  are scheduled, and confirmed they did not object to the depositions occurring on video via Zoom.

23  (*Id.*) They did not raise any specific issues about of any of the particular interrogatories or document

24  requests. (*Id.*) Instead, Kim's counsel stated their intent to ask the Court to defer *all* of U.S. Bank's

25  discovery regardless of form until after the Court decided Plaintiff's motion for conditional

26  certification of the FLSA collective. (*Id.*)

27        In response, U.S. Bank's counsel explored compromises to avoid this motion. They asked if

28  ---
[1] Unless otherwise noted, all references to a "Rule" or the "Federal Rules" refer to the Federal Rules of Civil Procedure.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER
CASE NO.: 2:20-CV-00032-RSL

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA  90071
Tel: 213-615-1700

3

1  the depositions could go forward if U.S. Bank withdrew the written discovery. (Campbell Decl., ¶
2  7.) Kim's counsel refused. (*Id.*)

3      Kim's counsel further stated that they objected to the depositions in part because they needed
4  to obtain and review personnel files, timekeeping and payroll data, and U.S. Bank policies, before
5  they would agree to any depositions. (Campbell Decl., ¶ 7.) U.S. Bank noted that it had produced
6  personnel files, pay data, and relevant U.S. Bank policies before mediation, and asked whether Kim
7  and the Opt-Ins would appear for their noticed depositions if it nevertheless produced any other
8  documents before the depositions. (*Id.*) Kim's counsel again refused to allow any depositions to go
9  forward. (*Id.*) Kim filed the instant motion the next day.[2] (Dkt. No. 50.)

10                  **III.   ARGUMENT**

11  **A.   Legal standard.**

12      To obtain a protective order preventing discovery, Kim must "demonstrate good cause that
13  such an order would protect him from "annoyance, embarrassment, oppression, or undue burden or
14  expense." *DeFreitas v. Tillinghast*, No. 2:12-cv-00235-JLR, 2013 WL 209277, at *4 (W.D. Wash.
15  Jan. 17, 2013); *see also* FED. R. CIV. P. 26(c)(1).

16  **B.   There is no good cause to support a protective order.**

17        **1.   The motion does not address the standard for obtaining a protective order.**

18      The party seeking to limit discovery has the burden of showing "that specific prejudice or
19  harm will result" from annoyance, embarrassment, oppression, or undue burden or expense if the
20  protective order is not granted. *DeFreitas*, 2013 WL 209277, at *2 (citation omitted). Kim cannot
21  carry his burden.

22      In fact, the motion *does not argue that Kim meets his burden.* It does not state the standard a
23  litigant is required to meet to obtain a protective order. It does not offer any argument that Kim or
24  anyone else will suffer annoyance, embarrassment, oppression, or undue burden or expense if the
25  Court denies his request for a protective order. It does not address these issues at all.

26      Accordingly, a protective order is not warranted because Kim fails to address and meet his

27

28  [2] In the motion, Kim's counsel contends he offered to have Kim and the Opt-Ins respond to document requests, but the responses he offered were to "one or two" requests seeking basic documents such as resumes. (Campbell Decl., ¶ 7.)

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER
CASE NO.: 2:20-CV-00032-RSL

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA 90071
Tel: 213-615-1700

4

1    burden, and thereby concedes that he does not meet the standard required to obtain one.

2    **2.      Even if Kim had addressed the standard for obtaining a protective order, he**
3    **cannot meet it.**

4            Even if Kim had addressed the standard for obtaining a protective order, he cannot meet it

5    because none of the discovery U.S. Bank seeks will cause Kim or any of the Opt-In Plaintiffs to

6    suffer annoyance, embarrassment, oppression, or undue burden or expense.

7            The timing and form of discovery U.S. Bank served are permitted by the Federal Rules of

8    Civil Procedure. Rules 26 permits a party to seek discovery "regarding any nonprivileged matter"

9    immediately following the Rule 26(f) conference of counsel, including by serving written discovery

10   requests and noticing depositions. *See* FED. R. CIV. P. 26(b)(1); FED. R. CIV. P. 26(d)(1). This is what

11   U.S. Bank did. The parties conducted a Rule 26 conference of counsel on June 10, 2020, and U.S.

12   Bank served discovery following the conference. U.S. Bank served interrogatories and documents

13   requests pursuant to Rules 33 and 34, respectively; the responses are due July 13, 2020. The

14   deposition notices U.S. Bank served complied with Rule 30, which allows a party to take a

15   deposition "without leave of court" upon "reasonable written notice." FED. R. CIV. P. 30(a), (b)(1).

16   U.S. Bank gave between 35 and 44 days' notice of the depositions. *See Ballard Marine Constr., Inc.*

17   *v. EHW Constructors*, No. 3:16-cv-05633-RBL, 2019 WL 1436878, at *2 (W.D. Wash. Apr. 1,

18   2019) (notice of eight calendar days satisfied Rule 30's reasonableness requirement). Because U.S.

19   Bank followed the Rules in seeking discovery, it should not be prevented from obtaining it,

20   especially because Kim has not met the standard for obtaining a protective order.

21   **3.      The remaining arguments Kim raises in his motion are not bases for entering a**
22   **protective order, and, even if they were, they do not justify a protective order.**

23           Because Kim cannot meet the standard for obtaining a protective order, his motion instead

24   focuses on ancillary arguments that are not germane to whether the court should enter the order.

25   Contrary to Kim's contentions, (1) the discovery U.S. Bank seeks is proportional to the case and

26   may help the Court decide conditional certification, (2) timely complying with the discovery will not

27   delay the Court's decision on conditional certification, and (3) by serving discovery U.S. Bank is not

28   asking the Court to apply any particular standard when it decides conditional certification.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER
CASE NO.:  2:20-CV-00032-RSL

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA  90071
Tel: 213-615-1700

          **(a)**      **The discovery U.S. Bank seeks is proportional to the case because it may help the Court decide conditional certification.**

The discovery U.S. Bank seeks might be part of its Opposition to conditional certification.[3] There is reason to be concerned that statements in the declarations are not reliable. For example, Opt-In Plaintiff Whisenhunt states in his declaration that he was employed as a Branch Assistant Manager within three years of when he filed a consent to join this case as an opt-in plaintiff on February 19, 2020. (*Compare* Dkt. No. 28, ¶ 2 *with* Dkt. No. 18-1.) But Whisenhunt did not work as a Branch Assistant Manager at any time within three years before he filed his consent. (Declaration of Sara Cerecedes, ¶ 2.) He therefore is not a member of the putative collective, and his declaration is not evidence of any allegedly unlawful policy that applied to the putative collective.

If U.S. Bank is denied the opportunity to depose Whisenhunt regarding this discrepancy in his declaration, and potentially other discrepancies the depositions may disclose, then the Court's decision on conditional certification might rely on unreliable evidence – evidence that U.S. Bank should be able to challenge with properly-served discovery and depositions. *See e.g., Richie v. Blue Shield of Calif.*, No. C-13-2693 EMC, 2014 WL 6982943, at *11 (N.D. Cal. Dec. 9, 2014) (denying conditional certification of off-the-clock claim where plaintiff's deposition testimony appeared to contradict statements in her declaration); *Folger v. Medicalodges, Inc.,* No. CIV.A. 13-1203-MLB, 2014 WL 2885363, at *2-4 (D. Kan. June 25, 2014) (same); *Kraft v. Gongos, Inc.,* No. 18-10745, 2019 WL 1594046, at *3 (E.D. Mich. Apr. 14, 2019) (denying conditional certification where plaintiff stated in declaration that she knew of others who were denied overtime, but admitted at her deposition that just three individuals were contacted to join the suit and none expressed interest).

The declarations submitted by Kim and the other Opt-In Plaintiffs might similarly be unreliable. Kim's Motion for Conditional Certification asserts that U.S. Bank used "standard tactics" to prevent the reclassified Branch Assistant Managers from recording all overtime hours worked, and cites declarations that provide information about statements or conduct of individual managers:

- Kim contends that **his supervisors** "*implied* that he had to work beyond his scheduled hours to get everything done." (Dkt. No. 26, ¶ 14 (emphasis added).)

---

[3] As discussed above, U.S. Bank is not required to show that its discovery will be useful either to obtain it in the first instance or to prevent a protective order.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
CASE NO.: 2:20-CV-00032-RSL

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA 90071
Tel: 213-615-1700

6

- Opt-in Mandy Bissell states **her branch manager** made her "change the timesheet to ensure it did not reflect overtime hours" (Dkt. No. 27, ¶ 14 (emphasis added).).

- Opt-In Zachary Fischer contends that **his specific district manager** would email branch employees "admonishing [them] for recording overtime and instructing [them] not to do so again." (Dkt. No. 32, ¶ 15 (emphasis added).)

The accuracy, meaning, and reliability of these statements about individual managers (among other statements) are critical to determining whether Kim can meet his burden on conditional certification to present substantial allegations of a common unlawful policy that are "supported by evidence." *Wilson v. Maxim Healthcare Servs., Inc.*, No. C14-789RSL, 2014 WL 7340480, at *2 (W.D. Wash. Dec. 22, 2014).

**(b)     U.S. Bank's discovery will not delay conditional certification proceedings.**

Kim argues that U.S. Bank's discovery will delay conditional certification. It will not if Kim and the Opt-In Plaintiffs comply with the Federal Rules. The deadline for Kim and each Opt-In Plaintiff to respond to U.S. Bank's written discovery is July 13, 2020, and the last of the depositions is scheduled for July 24, 2020 – almost three weeks before U.S. Bank's Opposition is due and a month before Kim's Reply is due. Neither Kim nor the Opt-In Plaintiffs have asked to extend any deadlines or suggested that they cannot attend their deposition on the date U.S. Bank noticed. Accordingly, neither Kim nor the Opt-In Plaintiffs need a protective order to ensure against delay because, if they timely respond and appear pursuant to the Rules, the discovery will be completed well before the Court considers conditional certification.

At this point, if Kim and the Opt-In Plaintiffs timely respond to discovery and appear for their properly-noticed depositions, there will be no need to modify the schedule the parties agreed to in the Stipulated Motion to Continue Certain Deadlines. (Dkt. No. 45.) This fact distinguishes many of the cases Kim relies on in his motion because they involve requests to delay *other* proceedings so that a party could seek discovery. *See, e.g., Wilson v. Maxim Healthcare Servs., Inc.*, No. 14 Civ. 789, Slip. Op. at *3 (W.D. Wash. Aug. 18, 2014) (Dkt. No. 50, Ex. C.) (denying request to stay the defendant's deadline to oppose conditional certification so that the defendant could engage in limited discovery before conditional certification and before the parties had conducted a Rule 26 conference); *Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 15 C 10447, 2016 WL 401701, at *2 (N.D.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
CASE NO.: 2:20-CV-00032-RSL

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA 90071
Tel: 213-615-1700

7

1   Ill. Jan. 20, 2016) ("a delay will necessarily occur in the Court's determination of Plaintiffs' motion

2   for conditional certification" based on the motion briefing schedule); *Przytula v. Bed Bath &*

3   *Beyond, Inc.*, No. 17 Civ. 5124, Slip. Op. (N.D. Ill. Dec. 20, 2017) (Dkt. No. 50, Ex. D) (denying

4   motion to compel depositions where depositions would "stall the conditional-certification briefing");

5   *Villarreal v. Caremark LLC*, No. 14 Civ. 00652, 2014 WL 4247730, at *2-5 (D. Ariz. Aug. 21,

6   2014) (denying request to extend deadline to respond to motion for conditional certification by 60

7   days); *Stelmachers v. Maxim Healthcare Servs., Inc.,* No. 1:13-CV-1062-RLV, 2013 WL 12251304,

8   at *1 (N.D. Ga. June 5, 2013) (denying defendant's motion to stay proceedings). U.S. Bank served

9   its discovery so that there would be no need to extend conditional certification deadlines. It is Kim

10  and the Opt-In Plaintiffs who are attempting to delay proceedings by seeking a protective order.

11          Kim also contends that U.S. Bank's depositions will cause delay because, before U.S. Bank

12  takes any depositions, he wants his own discovery of personnel records, timekeeping and scheduling

13  data, and other unnamed documents so that his counsel can prepare. (Dkt. No. 50, pp. 5-6.) But

14  Kim's alleged lack of preparation materials is a red herring. U.S. Bank has already informally

15  produced many of the documents Kim says he needs, and, even if it hadn't produced them, Kim has

16  never served formal discovery requests seeking any documents. He had time to do so before the

17  depositions are scheduled to begin. U.S. Bank is not required to delay its own discovery to

18  accommodate Kim's failure to take his own discovery because the Rules expressly state that

19  "**discovery by one party does not require any other party to delay its discovery**." FED. R. CIV. P.

20  26(d)(3)(B); *see also Dykes v. BNSF Ry. Co.,* No. C17-1549-JCC, 2018 WL 1456931, at *3 (W.D.

21  Wash. Mar. 23, 2018) (denying motion for protective order because "the Court cannot conclude that

22  it would be in the interests of justice to delay Defendant's properly noticed depositions just because

23  Plaintiffs want written discovery first."); *Cornelius v. Eberstein & Witherite, LLP*, No. 3:13-CV-

24  3886-P, 2014 WL 4661977, at *5 (N.D. Tex. Sept. 19, 2014) (granting motion to compel deposition

25  where party resisting deposition failed to explain why counsel could not prepare deponent "to

26  answer questions about relevant facts without having received any documents").

27          Thus, U.S. Bank's discovery will not cause delay if Kim and the Opt-Ins comply with it.

28  Kim's Reply in support of his Motion for Conditional Certification is not due until August 21, 2020.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER
CASE NO.: 2:20-CV-00032-RSL

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA  90071
Tel: 213-615-1700

1    If Kim decides to object to evidence U.S. Bank uses in its Opposition, he can do so in his Reply brief

2    or file an objection to U.S. Bank's evidence.

3              **(c)      The standard to be applied for conditional certification is not at issue.**

4         The question of the standard the Court should apply when it decides Kim's Motion for

5    Conditional Certification is premature and will be addressed in the parties' conditional certification

6    briefing. U.S. Bank's Opposition is not due until August 11, 2020, and the Motion is not noted for

7    consideration until August 21, 2020.

8         The question of the standard the Court should apply when it decides Kim's Motion for

9    Conditional Certification is also not relevant to the issue presented here: whether Kim has shown

10   that a protective order is necessary to protect him from annoyance, embarrassment, oppression, or

11   undue burden or expense. Kim has not even argued that he can meet the standard. And under the

12   first-step conditional certification standard according to Kim, the discovery is clearly relevant

13   because, as noted above, it could show that the evidence Kim relies on is not reliable.

14                                **IV.     CONCLUSION**

15        For the foregoing reasons, U.S. Bank requests that the Court deny Kim's request to delay

16   timely-served discovery requests and properly-noticed depositions.

17        RESPECTFULLY SUBMITTED AND DATED this 8th day of July, 2020.

18                                        WINSTON & STRAWN LLP

19                                        By: /s/ Joan B. Tucker Fife
                                          Joan B. Tucker Fife (*Admitted Pro Hac Vice*)
20                                        Email: jfife@winston.com
                                          WINSTON & STRAWN LLP
21                                        101 California Street, 35th Floor
                                          San Francisco, CA 94111
22                                        Telephone: (415) 591-1000
                                          Facsimile:  (415) 591-1400
23
                                          Emilie C. Woodhead (*Admitted Pro Hac Vice*)
24                                        Email: ewoodhead@winston.com
                                          Jason S. Campbell (*Admitted Pro Hac Vice*)
25                                        Email: jscampbell@winston.com
                                          Samuel Freeman (*Admitted Pro Hac Vice*)
26                                        Email: sfreeman@winston.com
                                          WINSTON & STRAWN LLP
27                                        333 S. Grand Avenue
                                          Los Angeles, CA 90071-1543
28                                        Telephone: (213) 615-1700

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR                              **Winston & Strawn LLP**
PROTECTIVE ORDER                                                                333 S. Grand Avenue
CASE NO.: 2:20-CV-00032-RSL                                                   Los Angeles, CA  90071
                                                                                Tel: 213-615-1700
                                          9

1

Facsimile:   (213) 615-1750

2

Julie S. Lucht, WSBA #31278
Email: jlucht@perkinscoie.com

3

PERKINS COIE LLP
1201 Third Avenue, Suite 4900

4

Seattle, WA 98101-3099
Telephone: (206) 359-3154

5

Facsimile:   (206) 359-4154

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER
CASE NO.:  2:20-CV-00032-RSL

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA  90071
Tel: 213-615-1700

1

**CERTIFICATE OF SERVICE**

2          I, Joan B. Tucker Fife, hereby certify that on July 8, 2020, I electronically filed the foregoing

3    with the clerk of the court using CM/ECF system, which will send notification of such filing to the

4    following:

5                                   Toby J. Marshall, WSBA#327726
                                     Email: tmarshall@terrellmarshall.com
6                                   TERRELL MARSHALL LAW GROUP PLLC
                                     936 North 34th Street, Suite 300
7                                   Seattle, WA 98103-8869
                                     Tel: (206) 816-6603
8                                   Fax: (206) 319-5450

9                                   Gregg I. Shavitz, *Admitted Pro Hac Vice*
                                     Email: gshavitz@shavitzlaw.com
10                                  Paolo C. Meireles*, Admitted Pro Hac Vice*
                                     Email: pmeireles@shavitzlaw.com
11                                  Logan A. Pardell*, Admitted Pro Hac Vice*
                                     Email: lpardell@shavitzlaw.com
12                                  SHAVITZ LAW GROUP, P.A.
13                                  951 Yamato Road, Suite 285
                                     Boca Raton, Florida 33431
14                                  Telephone: (561) 447-8888
                                     Facsimile: (561) 447-8831
15

16                                  Justin M. Swartz, *Admitted Pro Hac Vice*
                                     Email: jms@outtengolden.com
17                                  Michael N. Litrownik, *Admitted Pro Hac Vice*
                                     Email: mlitrownik@outtengolden.com
18                                  Sabine Jean, *Admitted Pro Hac Vice*
                                     Email: sjean@outtengolden.com
19                                  OUTTEN & GOLDEN LLP
20                                  685 Third Avenue, 25th Floor
                                     New York, New York 10016
21                                  Telephone: (212) 245-1000
                                     Facsimile: (646) 509-2057
22

          DATED this 8th day of July, 2020.
23

24                                                By: /s/ Joan B. Tucker Fife
                                                  Joan B. Tucker Fife (Admitted *Pro Hac Vice*)
25                                                Email: jfife@winston.com
                                                  WINSTON & STRAWN LLP
26                                                101 California Street, 35th Floor
                                                  San Francisco, CA 94111
27                                                Telephone: (415) 591-1000
                                                  Facsimile:  (415) 591-1400
28

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR                          **Winston & Strawn LLP**
PROTECTIVE ORDER                                                              333 S. Grand Avenue
CASE NO.:  2:20-CV-00032-RSL                                              Los Angeles, CA  90071
                                                                               Tel: 213-615-1700

11