UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE KIM, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>         v.<br><br>U.S. BANCORP, *et al.*,<br><br>                    Defendants. | NO. C20-0032RSL<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on "Plaintiffs' Motion for Protective Order" to prevent defendants from conducting discovery before they respond to plaintiffs' motion for conditional certification under the Fair Labor Standards Act ("FLSA"). Dkt. # 50. Employees who seek to recover unpaid compensation under the FLSA may file suit individually and on behalf of others similarly situated. 29 U.S.C. § 216(b). In contrast to class actions brought pursuant to Fed. R. Civ. P. 23, FLSA collective actions are "opt-in," meaning that employees who seek to join the action must file a written consent with the district court. *Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, 528 (9th Cir. 2013). District courts in the Ninth Circuit apply a two-tiered approach to certification of an FLSA collective action. *Troy v. Kehe Food Distribs., Inc.*, 276 F.R.D. 642, 649 (W.D. Wash. 2011); *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 527 F. Supp.2d 1053, 1070-71 (N.D. Cal. 2007); *Wynn v. Nat'l Broad. Co.*,

ORDER DENYING MOTION FOR
PROTECTIVE ORDER - 1

*Inc.*, 234 F. Supp.2d 1067, 1082 (C.D. Cal. 2002).

First, a district court determines whether potential class members are similarly situated such that a collective action should be certified for the purpose of sending out notice of the action and providing an opportunity to opt-into the litigation. *Troy*, 276 F.R.D. at 649. At this notice stage, the district court requires "little more than substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy or plan." *Id*. (internal quotation marks omitted). The standard at this phase is fairly lenient; "plaintiffs need only establish a 'reasonable basis for their claim of classwide' injury." *Khadera v. ABM Indus., Inc.*, 701 F. Supp.2d 1190, 1194 (W.D. Wash. 2010) (quoting *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)). Because there is often little evidence before the court at this stage, the court generally relies on the pleadings and affidavits submitted by the parties in deciding whether potential plaintiffs should receive notice. *Bollinger v. Residential Capital, LLC*, 761 F. Supp.2d 1114, 1119 (W.D. Wash. 2011).

The second stage occurs, if at all, on defendant's motion to decertify after discovery is completed. *Id*. At that point, the district court employs a stricter standard to determine whether the plaintiffs are, in fact, similarly situated, considering factors such as the specific duties and conditions of employment of the individual plaintiffs and the various defenses available to the defendant with respect to the individual plaintiffs. *Troy*, 276 F.R.D. at 649; *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 482 (E.D. Cal. 2006). If, in light of the additional evidence acquired during discovery, the Court determines that plaintiffs are not similarly situated, it may decertify the class and dismiss the opt-in plaintiffs without prejudice. *Romero*, 235 F.R.D. at 482.

ORDER DENYING MOTION FOR
PROTECTIVE ORDER - 2

This statement of the law was adopted by the undersigned in *Wilson v. Maxim Healthcare Servs., Inc.*, Cause No. 14-0789RSL, Dkt. # 28 at 2-4 (W.D. Wash. August 18, 2014), and remains good law. In *Wilson*, however, the defendant sought a two month delay in which to conduct limited discovery and draft its response to plaintiffs' pending motion for conditional certification. The Court found that delay was inappropriate and would prejudice plaintiffs. Conditional certification for a FLSA class under § 216(b) is different than traditional Rule 23 classes in that the statute of limitations for class members is not tolled automatically by the filing of the complaint. Thus, conditional certification and the sending of notice are vitally important to the rights of putative class members who risk being barred by the statute of limitations unless and until they file a consent to join. Because an expeditious determination of the conditional certification issue is essential to protecting rights afforded by the FLSA and because Maxim Healthcare failed to show any grounds to deviate from the settled two-step approach, its request for a two month continuance was denied.

In this case, however, defendants have not requested a delay in consideration of the conditional certification motion. Rather, they affirmatively assert that they are simply "to engaging in discovery the Federal Rules of Civil Procedure expressly permit" without impacting the schedule on which the conditional certification motion is briefed. Dkt. # 52 at 2. In reality, defendants' discovery has already impacted the briefing schedule, with the parties agreeing to continue the conditional certification motion until this discovery dispute is resolved. Nevertheless, the Court agrees that (a) discovery may be joined now that the parties have conducted their Rule 26(f) conference and (b) plaintiffs' preferences for the order in which discovery proceeds are not binding on defendants and do not constitute "good cause" for a

ORDER DENYING MOTION FOR
PROTECTIVE ORDER - 3

protective order. *See* Fed. R. Civ. P. 26(c)(1).

Plaintiffs' motion for protective order is therefore DENIED with the caveat that consideration of the conditional certification motion is not, as a legal matter, contingent on completion of the discovery served to date. Defendants will be bound by the limitations imposed by Rule 30, including the requirement that leave of Court be obtained if they seek to depose a person, entity, or party more than once.

On July 16, 2020, the parties submitted a stipulation regarding the impacts and effects of the Court's ruling on plaintiffs' motion for protective order. Dkt. # 57. The Court issued an order consistent with the parties' stipulation. Dkt. # 58. Absent the stipulation and order, the Court would have held the defendants to the prior briefing schedule regardless of the discovery sought and the subsequent motion for protective order. The Court prefers and encourages parties to work together on scheduling, however, especially during these difficult COVID-19 times. Even though the stipulation and order were based on the mistaken belief that a denial of plaintiffs' motion would require completion of the noted discovery before the conditional certification motion could be considered, the Court will honor the parties' agreement. Now that the motion for protective order has been denied, Mr. Kim and the opt-in plaintiffs whose depositions have already been noted will sit for their depositions on a mutually agreeable schedule, and defendants' opposition to the pending motion for conditional certification shall be due 18 days after the last deposition is completed. The parties shall work cooperatively to schedule the depositions and renote the conditional certification motion on the Court's calendar.

ORDER DENYING MOTION FOR
PROTECTIVE ORDER - 4

For all of the foregoing reasons, plaintiffs' motion for a protective order (Dkt. # 50) is DENIED.

DATED this 3rd day of August, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
PROTECTIVE ORDER - 5