1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

9

10 | STEVE KIM, individually and on behalf of all
others similarly situated,

11 |

Case No. 2:20-cv-00032-TL-BAT

12 |          Plaintiff,

**PLAINTIFF'S UNOPPOSED MOTION**
**FOR APPROVAL OF FAIR LABOR**
13 |     v.

**STANDARDS ACT SETTLEMENT,**
**SERVICE AWARDS AND COLLECTIVE**
14 | U.S. BANCORP and U.S. BANK NATIONAL
ASSOCIATION,

**COUNSEL'S ATTORNEYS' FEES AND**
**COSTS**
15 |

16 |          Defendants.

**NOTED FOR CONSIDERATION:**
**SEPTEMBER 21, 2022**

17

18

19

20

21

22

23

24

25

26

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 □ FAX 206.319.5450
www.terrellmarshall.com

1

**TABLE OF CONTENTS**

2  INTRODUCTION ................................................................................................................ 1

3  STATEMENT OF FACTS .................................................................................................. 1

4  I.    Factual and Procedural History.................................................................................. 1

5  II.   The Proposed Settlement ........................................................................................... 2

6  ARGUMENT ....................................................................................................................... 3

7  I.    An FLSA Collective Should Be Established for Settlement Purposes and a One-Step
        Approval Process Is Standard for FLSA Settlements ........................................... 3

8
   II.   Plaintiff's Request for Approval of the Collective Action Settlement Should
9        be Granted ............................................................................................................... 4

10        A.    The Settlement is Fair and Should be Approved ................................... 5

11        B.    The Settlement Resolves a Bona Fide Dispute ..................................... 8

12  III.  The Service Award to Plaintiffs Should be Approved as Fair and Reasonable.............. 8

13  IV.   Collective Counsel's Fees and Costs Are Appropriate and Should Be Approved ........... 10

14  CONCLUSION.................................................................................................................... 12

15

16

17

18

19

20

21

22

23

24

25

26

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ☐ FAX 206.319.5450
www.terrellmarshall.com

1

## <u>TABLE OF AUTHORITIES</u>

2

**CASES**                                                                                          **PAGES**

3

*Almodova v. City & Cnty. of Honolulu*,
    No. 07 Civ. 378, 2010 U.S. Dist. LEXIS 33199 (D. Haw. March 31, 2010) ............................4

4

*Barrentine v. Ark.-Best Freight Sys., Inc.*,
    450 U.S. 728 (1981) ............................................................................................................ 6

5

6

*Bollinger v. Residential Cap., LLC*,
    761 F. Supp. 2d 1114 (W.D. Wash. 2011) ............................................................................ 4

7

8

*Gates v. Deukmejian*,
    987 F.2d 1392 (9th Cir. 1992) ............................................................................................ 11

9

*Grewe v. Cobalt Mortg., Inc.*,
    No. 16 Civ. 577, 2016 U.S. Dist. LEXIS 98224 (W.D. Wash. July 27, 2016) .................... 4, 5

10

*In re Immune Response Sec. Litig.*,
    497 F. Supp. 2d 1166 (S.D. Cal. 2007) ............................................................................... 11

11

12

*Kirkwood v. Noble Food Grp., Inc.*,
    No. 18 Civ. 360, 2019 U.S. Dist. LEXIS 10146 (W.D. Wash. Jan. 22, 2019) ................. 4, 5, 7

13

*Larsen v. Trader Joe's Co.*,
    No. 11 Civ. 5188, 2014 U.S. Dist. LEXIS 95538 .................................................................. 7

14

15

*Lynn's Food Stores, Inc. v. United States*,
    679 F.2d 1350 (11th Cir. 1982) ...................................................................................... 4, 5, 8

16

17

*In re Media Vision Tech. Sec. Litig.*,
    913 F. Supp. 1362 (N.D. Cal. 1996) .................................................................................... 12

18

*Newell v. Ensign U.S. Drilling Cal. Inc.*,
    No. 19 Civ. 1314, 2022 U.S. Dist. LEXIS 123377 (E.D. Cal. July 12, 2022) ........................8

19

20

*Pelletz v. Weyerhaeuser Co.*,
    592 F. Supp. 2d 1322 (W.D. Wash. 2009) ........................................................................... 9

21

22

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ........................................................................................... 7, 8

23

*Selk v. Pioneers Mem'l Healthcare Dist.*,
    159 F. Supp. 3d 1164 (S.D. Cal. 2016) ...................................................................... 4, 5, 6, 8

24

25

*Shea v. Ryla Teleservs.*,
    No. 11 Civ. 626, 2012 U.S. Dist. LEXIS 133304, (E.D. Cal. Sept. 18, 2012) ..........................4

26

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 □ FAX 206.319.5450
www.terrellmarshall.com

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ........................................................................... 10, 11

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
   19 F.3d 1291 (9th Cir. 1994) ............................................................................. 10

**STATUTES**

29 U.S.C. § 216 ...................................................................................................4, 10

Wash. Rev. Code Ann. § 49.46.090........................................................................ 10

Wash. Rev. Code Ann. § 49.52.070........................................................................ 10

**OTHER AUTHORITIES**

1 McLaughlin on Class Action § 2:16 (13th ed.).................................................4, 5

*Manual for C*omplex Litigation  (Fourth)  § 14.13  (2004).......................................11

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 □ FAX 206.319.5450
www.terrellmarshall.com

1

# INTRODUCTION

2        After nearly two years of litigation, Plaintiff Steve Kim and Defendants U.S. Bancorp

3   and U.S. Bank National Association (collectively, "U.S. Bank" or "Defendants") have agreed to

4   resolve this wage and hour lawsuit for a payment of $375,000.00 to the Plaintiff and members of

5   a collective of similarly situated employees, subject to the Court's approval.  The settlement,

6   which follows contested litigation in this Court, satisfies the criteria for approval of a Fair Labor

7   Standards Act ("FLSA") collective action settlement and will provide good, risk-free recovery to

8   the 744 current and former U.S. Bank employees who stand to benefit.

9        Plaintiff respectfully requests that the Court issue an order: (1) approving the terms of the

10   settlement set forth in the Collective Action Settlement Agreement and Release ("Settlement

11   Agreement"), attached as Exhibit 1 to the Declaration of Justin Swartz ("Swartz Decl.");[1]

12   (2) approving Service Awards for the Plaintiff and Initial Opt-In Plaintiffs; (3) approving

13   Collective Counsel's request for payment of attorneys' fees and reimbursement of costs and

14   expenses; and (4) dismissing the lawsuit.  U.S. Bank does not oppose this motion.

15                    **STATEMENT OF FACTS**

16   **I.    Factual and Procedural History**

17        U.S. Bank is one of the largest financial institutions in the United States, with

18   approximately 70,000 employees nationwide as of December 31, 2019.  *See* ECF No. 24, at 7-8.

19   Plaintiff worked for U.S. Bank as a Branch Assistant Manager (also known as Customer Service

20   Managers and/or Sales and Service Managers) (collectively, "BAMs") at the Auburn,

21   Washington branch from approximately January 2016 to April 2017.  *See* ECF. No. 1, ¶¶ 18, 19.

22        Plaintiff alleged nationwide collective action claims for unpaid overtime compensation

23   under the FLSA as well as under the Washington Minimum Wage Act.  *Id.* ¶¶ 78-104.  On

24   March 19, 2020, Plaintiff moved to conditionally certify the collective.  *See* ECF No. 24.  While

25

26   [1]    Unless otherwise indicated, all exhibits are attached to the Swartz Declaration, and all capitalized terms have the definitions set forth in the Settlement Agreement.

PLAINTIFF'S MOTION FOR SETTLEMENT APPROVAL
CASE NO. 2:20-cv-00032 - 1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 □ FAX 206.319.5450
www.terrellmarshall.com

1    Plaintiff's motion for conditional certification was pending, in June 2020, the Parties engaged in

2    an unsuccessful mediation with a JAMS mediator.  Swartz Decl. ¶ 8.  The Court granted

3    conditional certification on August 18, 2022.  *See* ECF No. 74.  In the following months, 744

4    current and former U.S. Bank BAMs submitted and filed consent-to-join forms.  *See* ECF Nos.

5    78-115, 118-20, 122-24, 126.

6    　　　Following significant discovery, including six depositions of Plaintiff and the Initial Opt-

7    In Plaintiffs, the Parties agreed to a second mediation.[2]  On June 17, 2022, the Parties

8    participated in a mediation session by video conference with Louis Marlin, Esq.  Swartz Decl.

9    ¶ 10.  With the assistance of Mr. Marlin, in the days following the mediation, the Parties

10    accepted Mr. Marlin's mediator's proposal and reached an agreement in principle to settle the

11    collective claim.  *Id.*  The Parties spent the next several weeks negotiating the details of the

12    settlement agreement.  *Id.*  At all times the negotiations were adversarial, non-collusive, and at

13    arm's-length.  *Id.* ¶ 11.  The discussions regarding the collective action claims culminated in the

14    Settlement Agreement.  *See* Swartz Decl. Ex. 1 (Settlement Agreement).

15    **II.    The Proposed Settlement**

16    　　　The full terms of the Parties' agreement are contained in the Settlement Agreement.  *Id.*

17    Plaintiff offers the following summary of the settlement terms.

18    　　　To resolve this case, U.S. Bank will pay a Net Settlement Amount of $375,000.00.  *Id.*

19    ¶¶ 3, 17.  Each Collective Member will receive a share of the Net Settlement Amount to be

20    calculated and apportioned based on each member's pro-rata share of the Total Workweeks to be

21    calculated by the Settlement Administrator.  *Id.* ¶¶ 18, 46.  Eligible Collective Members include

22    the named Plaintiff and 744 individuals who opted into this case.  *Id.* ¶ 6.  The settlement covers

23    a period of January 8, 2017, to and including the date of Approval for Collective Members who

24

25    ---
　　　[2]    Before the second mediation, Defendants filed a Notice of Pendency of Other Action in
26    Another Jurisdiction or Forum that may have affected 217 of the opt-in Plaintiffs located in
　　　California.  *See* ECF No. 139.

PLAINTIFF'S MOTION FOR SETTLEMENT APPROVAL
CASE NO. 2:20-cv-00032 - 2

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 □ FAX 206.319.5450
www.terrellmarshall.com

1  worked in the state of Washington and covers the date three years before the date on which

2  Collective Counsel filed the Collective Member's Consent to Join the Action to and including

3  the date of Approval for all other Collective Members.  *Id.* ¶ 7.

4      Collective Members will release FLSA claims and any state law claims related to the

5  payment of wages.  *Id.* ¶ 26.  Amounts not claimed by the Collective Members, if any, will be

6  paid as a *cy pres* to Legal Aid at Work.  *Id.* ¶ 50.

7      Payments to Collective Members will be allocated 50% to W-2 wages and 50% to

8  liquidated damages.  *Id.* ¶ 47.  U.S. Bank will pay employer-side taxes on the W-2 portion of

9  each Individual Settlement Payment.  *Id.* ¶ 38.

10     If approved by the Court, Plaintiff Steve Kim and the Initial Opt-in Plaintiffs will receive

11  $3,000 service awards.  *Id.* ¶ 41.  These service awards will compensate Plaintiff Kim and the

12  Initial Opt-In Plaintiffs for their time and effort in prosecuting the case against U.S. Bank during

13  the last two years, including sitting for depositions.

14     In addition to the Individual Settlement Payments to Collective Members and the service

15  awards, the Settlement Agreement also contemplates payment of attorneys' fees and costs and

16  the costs of settlement administration.  *Id.* ¶¶ 39, 40.

17     As for the attorneys' fees and costs, the Settlement Agreement provides that Collective

18  Counsel will request that the Court approve an award of $375,000.00 in fees and $44,351.14 in

19  costs.  *Id.* ¶ 40.  An award of fees and costs will compensate and reimburse Collective Counsel

20  for the work they have performed in this case.

21     U.S. Bank will also separately pay the Settlement Administrator to administer the

22  Settlement in accordance with the terms of the Settlement Agreement.  *Id.* ¶ 39.

23                              **ARGUMENT**

24  **I.   An FLSA Collective Should Be Established for Settlement Purposes and a One-Step
        Approval Process Is Standard for FLSA Settlements.**

25     Under the FLSA, a collective action "may be maintained . . . by any one or more

26  employees for and on behalf of himself or themselves and other employees similarly situated."

PLAINTIFF'S MOTION FOR SETTLEMENT APPROVAL
CASE NO. 2:20-cv-00032 - 3

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 □ FAX 206.319.5450
www.terrellmarshall.com

1   29 U.S.C. § 216(b).  Here, the Court has already conditionally certified the collective and 744

2   collective members opted into the case.  ECF No. 74.  Collective Members include the named

3   Plaintiff and individuals who opted into this case and did not subsequently withdraw their opt-in.

4          In settlements of FLSA collective actions like this case, where all settlement recipients

5   consented to join this action personally, it is routine for courts to employ a one-step approval

6   process, rather than the two-step process for classes certified under Rule 23 – the latter of which

7   includes absent class members who were not required to consent to join the action.  *See*

8   *Kirkwood v. Noble Food Grp., Inc.*, No. 18 Civ. 360, 2019 U.S. Dist. LEXIS 10146, at *1-3

9   (W.D. Wash. Jan. 22, 2019) (granting one-step FLSA settlement approval); *cf. Grewe v. Cobalt*

10  *Mortg., Inc.*, No. 16 Civ. 577, 2016 U.S. Dist. LEXIS 98224, at *9 (W.D. Wash. July 27, 2016)

11  ("[A]n FLSA settlement binds only those who affirmatively opt in.").

12  **II.     Plaintiff's Request for Approval of the Collective Action Settlement Should be Granted.**

13         Settlement of an FLSA collective action is different from a class action under Rule 23.

14  *See Bollinger v. Residential Cap., LLC*, 761 F. Supp. 2d 1114, 1119 (W.D. Wash. 2011) (noting

15  that the standard under the FLSA is "lenient" and "usually results in certification").  Although

16  the Ninth Circuit has never addressed the approval of FLSA settlements, numerous districts

17  courts (including those in the Ninth Circuit) follow *Lynn's Food Stores, Inc. v. United States*,

18  679 F.2d 1350, 1353-54 (11th Cir. 1982).  *See, e.g., Grewe*, 2016 U.S. Dist. LEXIS 98224, at *2

19  (stating that "[i]n reviewing a proposed collective action settlement under the [FLSA], 'a district

20  court must determine whether the settlement represents a fair and reasonable resolution of a bona

21  fide dispute'" and citing *Lynn's Food* (quoting *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F.

22  Supp. 3d 1164, 1172 (S.D. Cal. 2016)); *Shea v. Ryla Teleservs.*, No. 11 Civ. 626, 2012 U.S. Dist.

23  LEXIS 133304, *7 (E.D. Cal. Sept. 18, 2012) (noting "settlement of private actions for back

24  wages . . . must be approved by the district court" and citing *Lynn's Food*); *Almodova v. City &*

25  *Cnty. of Honolulu*, No. 07 Civ. 378, 2010 U.S. Dist. LEXIS 33199, *12 (D. Haw. March 31,

26  2010) (describing *Lynn's Food* as a "seminal" opinion); *see also* 1 McLaughlin on Class Action

1    § 2:16 (13th ed.) (referring to *Lynn's Food* as the "leading case" on the question of FLSA

2    collective action settlements).

3    Under the standard set forth in *Lynn's Food*, "[t]he Court should approve an FLSA

4    settlement if the settlement is a 'fair and reasonable resolution of a bona fide dispute.'"

5    *Kirkwood*, 2019 U.S. Dist. LEXIS 10146, at *2 (quoting *Grewe*, 2016 U.S. Dist. LEXIS 98224 at

6    *2). For the following reasons, the Court should approve the Settlement as a fair and reasonable

7    resolution of a bona fide dispute.

8          **A.     The Settlement is Fair and Should be Approved.**

9    In evaluating whether a FLSA settlement is fair "[t]he Court considers factors such as the

10    risk, expense, complexity, and likely duration of litigation; the amount offered in settlement; the

11    extent of discovery completed and the stage of the proceedings; and the reaction of putative

12    members to the proposed settlement." *Grewe*, 2016 U.S. Dist. LEXIS 98224, at *3 (citing

13    *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988)). As explained below, these

14    factors support settlement approval.

15    The Parties have litigated this case for two and half years, in addition to pre-complaint

16    investigation, and have conducted sufficient discovery to fully evaluate the relative strength of

17    the claims and defenses to reach a settlement. Plaintiff and Initial Opt-In Plaintiffs responded to

18    written discovery requests. Defendants produced personnel files, time records, and took six

19    depositions for the named Plaintiff and five Initial Opt-In Plaintiffs, all which lasted a full day.

20    Thereafter, while the Parties negotiated the parameters of additional discovery they agreed to a

21    second mediation. Following the initial six depositions and preparation for two mediations, the

22    Parties sufficiently understood the strength of their positions to reach a fair settlement. *See, e.g.*,

23    *Selk*, 159 F. Supp. 3d at 1177 ("So long as the parties have 'sufficient information to make an

24    informed decision about settlement,' this factor will weigh in favor of approval.") (quoting

25    *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998)). With this background,

26

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ☐ FAX 206.319.5450
www.terrellmarshall.com

1  the second mediation between the Parties resulted in a negotiated term sheet in which the Parties

2  tentatively agreed to settle the case.

3        Following two years of litigation, it is clear that this matter involves complex legal issues

4  and has required expensive and lengthy litigation that would have continued had it not settled.

5  Wage and hour claims are complex by their very nature.  *See Barrentine v. Ark.-Best Freight*

6  *Sys., Inc.*, 450 U.S. 728, 743 (1981) ("FLSA claims typically involve complex mixed questions

7  of fact and law . . . [that] must be resolved in light of volumes of legislative history and over four

8  decades of legal interpretation and administrative rulings.").  Although Plaintiff believes his

9  position to be meritorious, he faced additional costly procedural hurdles, including a likely FLSA

10  collective action decertification motion, opt-in discovery, motions for class action certification

11  under Fed. R. Civ. P. 23 and various state laws, and class discovery.  Success on the merits at

12  any stage is not guaranteed.  Litigating the Washington state class claims would likely require

13  significant additional discovery as the Parties already dedicated considerable resources to written

14  discovery and depositions for the named Plaintiff and five Initial Opt-In Plaintiffs and only

15  agreed to a limited stay of discovery to engage in the meditation which resulted in this

16  settlement.  Moreover, whatever the trial verdict, an appeal would be likely.

17        A reasonable settlement amount "need not represent a specific percentage of the

18  maximum possible recovery." *Selk*, 159 F. Supp. 3d at 1174 (citing *Nat'l Rural Telecomm's*

19  *Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004) ("[I]t is well-settled law that a

20  proposed settlement may be acceptable even though it amounts to only a fraction of the potential

21  recovery that might be available to the class members at trial.") (collecting cases)).  Even if

22  Plaintiff was successful in proving that he worked off-the-clock overtime hours and therefore

23  was entitled to overtime pay, an outcome is far from certain; Plaintiff will have to rebut U.S.

24  Bank's assertion that working overtime was exceptional and in direct derogation of U.S. Bank's

25  explicit oral and written policies, and that U.S. Bank had knowledge of Plaintiff's off-the-clock

26  work.  If the case proceeds to trial, proving U.S. Bank's knowledge of off-the-clock and

PLAINTIFF'S MOTION FOR SETTLEMENT APPROVAL
CASE NO. 2:20-cv-00032 - 6

1  overtime violations would involve significant risks of non-payment for Plaintiff, in that U.S.

2  Bank might well prevail at trial. *See, e.g.*, *Kirkwood*, 2019 U.S. Dist. LEXIS 10146, at *2

3  ("Weighing the chance of a much higher recovery for Plaintiffs against the competing chance of

4  no recovery at all, the agreed settlement amount is reasonable.").

5      The settlement provides substantial value to Collective Members now, which is far better

6  than enduring the long, arduous, and risky prospect of an uncertain recovery after several more

7  years of discovery, motion practice, a complex trial, and likely appeals. *See* Swartz Decl. 13.

8  The Net Settlement Amount of $375,000.00 is reasonable and guarantees that the 745 Collective

9  Members, including the Named Plaintiff, will receive an average payment of $503 for a period of

10  about five and a half years.  This in an excellent result especially in light of the risks non-

11  payment that Plaintiff faced and the delay a trial would entail.

12      In evaluating whether a settlement is fair and reasonable, "[t]he opinions of counsel

13  should be given considerable weight both because of counsel's familiarity with th[e] litigation

14  and previous experience with cases." *Larsen v. Trader Joe's Co.*, No. 11 Civ. 5188, 2014 U.S.

15  Dist. LEXIS 95538, *16 (N.D. Cal. Jul. 11, 2014).  The Ninth Circuit has held, "[p]arties

16  represented by competent counsel are better positioned than courts to produce a settlement that

17  fairly reflects each party's expected outcome in litigation." *Rodriguez v. West Publ'g Corp.*, 563

18  F.3d 948, 967 (9th Cir. 2009) (quoting *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir.

19  1995)).  Collective Counsel has more than two decades of experience prosecuting class action

20  litigations, including substantial experience as lead counsel on wage and hour claims.  See

21  Swartz Decl. ¶¶ 3-5.  U.S. Bank is likewise represented by experienced litigators.  Here,

22  Collective Counsel asserts that the pro rata settlement payments are fair and reasonable given the

23  all or nothing nature of proving that U.S. Bank had knowledge of Collective Members' off-the-

24  clock work.

25      Finally, the Court should also consider if the Plaintiff has generally objected to or

26  opposed the settlement.  Since this matter was settled in June 2022, the named Plaintiff has

PLAINTIFF'S MOTION FOR SETTLEMENT APPROVAL
CASE NO. 2:20-cv-00032 - 7

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 □ FAX 206.319.5450
www.terrellmarshall.com

approved the Settlement Agreement did not express hesitancy or any negative reactions to its terms. Swartz Decl. ¶ 14; *cf. Newell v. Ensign U.S. Drilling Cal. Inc.*, No. 19 Civ. 1314, 2022 U.S. Dist. LEXIS 123377, at *20 (E.D. Cal. July 12, 2022) ("The absence of objections to a proposed class action settlement supports the conclusion that the settlement is fair, reasonable, and adequate."). He is pleased with the settlement and eager to receive payment after a lengthy litigation. Swartz Decl. ¶ 14.

Based on consideration of the foregoing factors, the Court should approve the settlement as fair and reasonable.

### B. The Settlement Resolves a Bona Fide Dispute.

Under the FLSA, settlement is permitted only where there is a "bona-fide dispute" that back wages are actually owed. *Lynn's Food*, 679 F.2d at 1354. "A bona fide dispute exists when there are legitimate questions about 'the existence and extent of Defendant's FLSA liability.'" *Selk*, 159 F. Supp. 3d at 1172 (quoting *Ambrosino v. Home Depot. U.S.A., Inc.*, No. 11 Civ. 1319, 2014 U.S. Dist. LEXIS 58809, at *4 (S.D. Cal. Apr. 28, 2014)). If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *See Lynn's Food*, 679 F.2d at 1354 ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation."). Here, the parties vigorously disputed the extent of the Plaintiff's and other BAMs' off-the-clock work and whether U.S. Bank had liability under the FLSA to pay back wages because it had actual or constructive knowledge of such work. Swartz Decl. ¶¶ 12, 13. The parties reached the settlement in recognition of the uncertain legal and factual issues involved. *Id.*

### III. The Service Award to Plaintiffs Should be Approved as Fair and Reasonable.

Plaintiff and the Initial Opt-In Plaintiffs' requested service awards are reasonable and should be approved. *See Rodriguez*, 563 F.3d at 958-59 (finding service awards may also be

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ☐ FAX 206.319.5450
www.terrellmarshall.com

appropriate to "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general.").  When evaluating a service award request, courts consider factors such as:

> (1) the risk to the class representative in commencing a class action, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation.

*Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329 (W.D. Wash. 2009) (citing *Van Vraken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995)).

Courts in this Circuit approve service awards in the $5,000 to $40,000 range to recognize a plaintiff's willingness to step forward to represent the interests of fellow class and collective members, risking their reputation in the community and their field, and providing evidence for the case.  *See, e.g.*, *Pelletz*, 592 F. Supp. 2d at 1329-30 & n.9 (approving $7,500 service awards and collecting decisions approving awards ranging from $5,000 to $40,000).

Here, the service awards sought are eminently reasonable under the circumstances.  First, Plaintiff seeks approval of $3,000.00 service awards to Plaintiff and the Initial Opt-In Plaintiffs, Zachary Fisher, Allison Wile, Daniel Schneider, Mandy Bissell, and Heather Staat, in recognition of their commitment to the Collective Members, including sitting for depositions, submitting declarations in support of Plaintiff's Motion for Conditional Certification, staying in consistent communication with Collective Counsel over the many years this case has been litigated, and assisting Collective Counsel in preparing for the mediation and negotiating this settlement.  Swartz Decl. ¶ 15.  Plaintiff and the Initial Opt-In Plaintiffs made significant contributions to the successful resolution of this action and, as a result, their service awards should be approved.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 □ FAX 206.319.5450
www.terrellmarshall.com

**IV.    Collective Counsel's Fees and Costs Are Appropriate and Should Be Approved.**

Subject to the Court's approval, U.S. Bank has agreed to pay $375,000 in attorneys' fees to Collective Counsel above and beyond the relief it is making available to Collective Members. As described below, the reasonableness of this fees payment is supported both by the fee-shifting statutes at issue in these actions and by Ninth Circuit precedent.  The Collective Counsel's out-of-pocket costs of $44,351.14 will be deducted from the Gross Settlement Amount.

The wage statutes under which Plaintiff pursued claims provide for mandatory awards of attorneys' fees and costs to prevailing employees.  *See* 29 U.S.C. § 216(b) ("The court in [an] action [brought pursuant to 29 U.S.C. § 216(b)] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); Wash. Rev. Code Ann. § 49.46.090 (LexisNexis 2022) (an employee who recovers for violations of minimum wage and overtime laws is entitled to "costs and such reasonable attorney's fees as may be allowed by the court"); *Id.* § 49.52.070 (an employer who willfully withholds wages "shall be liable in a civil action . . . for twice the amount of wages unlawfully [withheld] . . . together with costs of suit and a reasonable sum for attorney's fees").

Relying on United States Supreme Court precedent, the Ninth Circuit has held "that the parties to a class action may simultaneously negotiate merits relief and an award of attorneys' fees under a fee-shifting statute, and may condition the entire settlement upon a waiver of fees." *Staton v. Boeing Co.*, 327 F.3d 938, 971 (9th Cir. 2003) (citing *Evans v. Jeff D.*, 475 U.S. 717, 720 (1986)).  "In the course of judicial review, the amount of such attorneys' fees can be approved if they meet the reasonableness standard when measured against statutory fee principles." *Staton*, 327 F.3d at 972.  In other words, the Court assesses "the reasonableness of the fee request under the lodestar calculation method." *Id*. at 966.

"Under the lodestar/multiplier method, the district court first calculates the 'lodestar' by multiplying the reasonable hours expended by a reasonable hourly rate." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1294 n.2 (9th Cir. 1994); *see also Staton*, 327 F.3d

1    at 965. "[I]f circumstances warrant," the court may adjust the lodestar "to account for other

2    factors which are not subsumed within it[.]" *Staton*, 327 F.3d at 965 & n.17.  Upward

3    adjustments may be appropriate based on the results obtained, the quality of representation, or

4    the delay in payment to class counsel. *See* Manual for Complex Litigation (Fourth) § 14.13

5    (2004) ("*MCL 4th*").   For example, "to compensate prevailing parties for any delay in the receipt

6    of fees," courts will often apply "current rather than historic rates in order to adjust for inflation

7    and the loss of funds." *Gates v. Deukmejian*, 987 F.2d 1392, 1406 (9th Cir. 1992) ("A fee award

8    at current rates is intended to compensate prevailing attorneys for lost income they might have

9    received through missed investment opportunities as well as lost interest."); *see also MCL 4th*

10   § 14.13, at 197.

11        When examined through the lens of the lodestar calculation method, the attorneys' fees

12   payment of $375,000.00 called for by the settlement is shown to be fair and reasonable.

13   Collective Counsel have spent more than 1,500 hours prosecuting the consolidated cases on

14   behalf of the Collective. *See* Swartz Decl. ¶ 24.  At the rates counsel charge in similar actions,

15   counsel's lodestar is more than $700,000.00. *Id.*  Collective Counsel's rates have been approved

16   by various district courts and in Washington state court. *Id.* ¶¶ 3-5.  The payment of

17   $375,000.00 represents 52% of Collective Counsel's total lodestar.  Collective Counsel will also

18   spend additional time monitoring the claims administration and settlement fund distribution

19   process.  Swartz Decl. ¶ 23.

20        Collective Counsel has also expended more than $44,351.14 in costs to date. *Id.* ¶ 26.

21   These costs include copying, mailing, and messenger expenses, computer research expenses, and

22   mediation expenses. *Id.*  These out-of-pocket costs were necessary to secure the resolution of

23   this litigation. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177-78 (S.D. Cal.

24   2007) (finding that costs such as filing fees, photocopy costs, travel expenses, postage, telephone

25   and fax costs, computerized legal research fees, and mediation expenses are relevant and

26   necessary expenses in a class action litigation).  "Reasonable costs and expenses incurred by an

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ☐ FAX 206.319.5450
www.terrellmarshall.com

1   attorney who creates or preserves a common fund are reimbursed proportionately by those class

2   members who benefit from the settlement." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp.

3   1362, 1366 (N.D. Cal. 1996) (citing *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 391-392 (1970)).

4          In recognition of the risk and the high-quality work performed, Plaintiff's requested

5   attorneys' fee award of $375,000.00 is fair and reasonable and should be granted.

6                                    **CONCLUSION**

7          For all of the foregoing reasons, Plaintiff respectfully requests the Court grant this motion

8   and approve the Settlement Agreement by entering the Order submitted herewith.

9

10         DATED this 21st day of September, 2022.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ☐ FAX 206.319.5450
www.terrellmarshall.com

1

TERRELL MARSHALL LAW GROUP PLLC

2

3          By      /s/ *Toby J. Marshall*
                   Toby J. Marshall, WSBA #32726
4                  Email: tmarshall@terrellmarshall.com
                   936 North 34th Street, Suite 300
5                  Seattle, Washington 98103-8869
                   Telephone: (206) 816-6603
6                  Facsimile: (206) 319-5450

7                  Gregg I. Shavitz, Admitted Pro Hac Vice
                   Email: gshavitz@shavitzlaw.com
8                  Paolo C. Meireles, Admitted Pro Hac Vice
                   Email: pmeireles@shavitzlaw.com
9                  SHAVITZ LAW GROUP, P.A.
                   951 Yamato Road, Suite 285
10                 Boca Raton, Florida 33431
                   Telephone: (561) 447-8888
11                 Facsimile: (561) 447-8831

12                 Justin M. Swartz, Admitted Pro Hac Vice
                   Email: jms@outtengolden.com
13                 Sabine Jean, Admitted Pro Hac Vice
                   Email: sjean@outtengolden.com
14                 OUTTEN & GOLDEN LLP
                   685 Third Avenue, 25th Floor
15                 New York, New York 10016
                   Telephone: (212) 245-1000
16                 Facsimile: (646) 509-2057

17                 *Attorneys for Plaintiff*

18

19

20

21

22

23

24

25

26

PLAINTIFF'S MOTION FOR SETTLEMENT APPROVAL
CASE NO. 2:20-cv-00032 - 13

1

**CERTIFICATE OF SERVICE**

2          I, Toby J. Marshall, hereby certify that on September 21, 2022, I electronically filed the

3   foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4   such filing to the following:

5
            Joan B. Tucker Fife, admitted pro hac vice
6           Email: jfife@winston.com
            WINSTON & STRAWN LLP
7           101 California Street, 35th Floor
            San Francisco, CA 94111
8           Telephone: (415) 591-1000
            Facsimile: (415) 591-1400
9
10          Emilie C. Woodhead, admitted pro hac vice
            Email: ewoodhead@winston.com
11          Jason S. Campbell, admitted pro hac vice
            Email: jscampbell@winston.com
12          Samuel Freeman, admitted pro hac vice
            Email: sfreeman@winston.com
13          WINSTON & STRAWN LLP
            333 S. Grand Avenue
14          Los Angeles, CA 90071-1543
15          Telephone: (213) 615-1700
            Facsimile: (213) 615-1750
16
17          Julie S. Lucht, WSBA #31278
            Email: jlucht@perkinscoie.com
18          PERKINS COIE LLP
            1201Third Avenue, Suite 4900
19          Seattle, WA 98101-3099
            Telephone: (206) 359-3154
20          Facsimile: (206) 359-4154
21
            *Attorneys for Defendants*
22
    DATED this 21st day of September, 2022.
23

24

25

26

PLAINTIFF'S MOTION FOR SETTLEMENT APPROVAL
CASE NO. 2:20-cv-00032 - 14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Toby J. Marshall, WSBA #32726
Toby J. Marshall, WSBA #32726
Email: tmarshall@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

*Attorneys for Plaintiff*

PLAINTIFF'S MOTION FOR SETTLEMENT APPROVAL
CASE NO. 2:20-cv-00032 - 15